IN RE PIAZZA, A MINOR.
IN RE GRODEK, A MINOR.
[Cite as In re Piazza, 7 Ohio St. 2d 102.]

(Nos. 40238 and 40239—Decided July 6, 1966.)

*Mr. Richard H. Siegel*, for relators.
*Mr. William B. Saxbe*, attorney general, and *Mr. William C. Baird*, for respondent.

*Per Curiam.* Section 2501.02, Revised Code, provides in part:

"* * * In addition to the original jurisdiction [of the Court of Appeals] conferred by Section 6 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district, including the finding, order or judgment of a Juvenile Court that a child is delinquent, neglected or dependent, for prejudicial error committed by such lower court * * *."

Section 2153.17, Revised Code, provides:

"The sections of the Revised Code regulating the manner and grounds of appeal from any judgment, order, or decree rendered by the Court of Common Pleas in the exercise of juvenile jurisdiction shall apply to the Juvenile Court."

Habeas corpus is not applicable to the present situation. Habeas corpus is an extraordinary remedy and as with every extraordinary remedy is not available as a means of relief where there is an adequate remedy in the ordinary course of the law. *In re Burson*, 152 Ohio St. 375. Habeas corpus may not be used as a substitute for appeal nor may it be resorted to where an adequate statutory remedy for review of the questions presented exists.

Petitioners have an adequate remedy in the ordinary course of the law. Therefore, the motions to dismiss are sustained.

*Motions sustained.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.