IN RE BROWN ET AL., MINORS: SHOPE, APPELLANT, *v.* MILLER, APPELLEE.

[Cite as In re Brown (1973), 35 Ohio St. 2d 9.]

(No. 72-877—Decided June 27, 1973.)

*Mr. Franklin A. Martens* and *Mr. David A. Little,* for appellant.

*Mr. Gene Wetherholt,* prosecuting attorney, for appellee.

*Per Curiam.* Although the question of the jurisdiction of the Court of Appeals was raised by the respondent there can be little doubt that that court is constitutionally entitled to hear any and all writs of this nature. Section 3 (B) (1) (c), Article IV of the Ohio Constitution, provides that the Courts of Appeals shall have original jurisdiction in habeas corpus.

The focal point of the writ centered on whether petitioner had been afforded due process on March 22, 1972, when her children were adjudged "neglected" by the Court of Common Pleas, Juvenile Division, Gallia County, Ohio, and committed to the permanent care and custody of the Children's Services Board. R. C. 2151.29 states: "Service of summons, notices, and subpoenas, prescribed by Section 2151.28 of the Revised Code, shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at his usual place of residence." R. C. 2151.28(C) provides: "The summons shall contain a statement advising that any party is entitled to counsel in the proceedings and that the court will appoint counsel if the party is indigent." The papers and documents in the file indicate that Charlotte Brown Shope, a. k. a. Charlotte Marie Shope, was personally served in Rio Grande, Ohio, on February 23, 1972. An examination of the summons clearly indicates that R. C. 2151.28(C) was precisely complied with. However, the summons provided that the hearing would be held "before the court at Gallipolis, Ohio on the 8th day of March 1972, at 9:30 o'clock a. m." On March 7, 1972, the court filed a judgment entry resetting the hearing for the 22nd day of March 1972, at 9:00 o'clock a. m.,

and ordering service by publication on Milon Jack Brown. The record discloses no notice to Charlotte Marie Shope. However, it is unquestionably apparent that she did appear in person on March 22, 1972, at which time the court found that the children were "neglected" and committed them to the permanent care and custody of the Gallia County Children's Services Board. There is no record of these proceedings.

The petitioner did not raise the question of notice in the trial court, presumably because she was personally served initially and was present at the continued hearing. These facts do not square with the facts in the case of *In re Frinzl* (1949), 152 Ohio St. 164, wherein the petitioner was served notice of the hearing for permanent commitment within one hour of the hearing.

The Court of Appeals granted a "motion to dismiss" the writ "upon the ground of a failure to state a claim upon which relief can be granted." Civ. R. 12 (B) (6). A reading of the first page of the petition indicates to this court that there is clearly therein a "claim." This court will not indulge in speculation concerning what testimony there may be to support the alleged "claim." Suffice to say, that the Court of Appeals should have allowed petitioner to proceed by affording her a full hearing on the merits of her "claim."

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

PAUL W. BROWN, J., dissenting. In order to allow a writ of habeas corpus to issue, this court must hold that the refusal of counsel in the hearing in the Juvenile Court had the effect of withdrawing jurisdiction and rendering that court's judgment void. I have discovered no case that holds an improper denial of such a

right in a child neglect or similar case has such an effect. Nor has appellant called our attention to such authority. To so hold might well re-open cases involving adoptions based upon consents given by social agencies to which permanent custody had been awarded in similar proceedings, thus affecting rights of persons not parties.

It seems clear to me that the Court of Appeals' order dismissing the petition for a writ rests upon sound ground and protects the finality of Juvenile Court orders in cases of this nature.

The denial of counsel upon a claim of indigency is error reviewable upon appeal, and such denial did not divest the Juvenile Court of jurisdiction and render the judgment subject to collateral attack in habeas corpus proceedings.