[WAGNER, BY AND THROUGH] LUCHENE, APPELLEE AND CROSS-APPELLANT, *v.* WAGNER, APPELLANT AND CROSS-APPELLEE.

[Cite as Luchene v. Wagner (1984), 12 Ohio St. 3d 37.]

(No. 83-401—Decided July 3, 1984.)

*Mr. Alan R. Kirshner* and *Mr. Gordon H. Hirsch,* for appellee and cross-appellant.

*Mr. Michael J. Marsh,* for appellant and cross-appellee.

*Per Curiam.* Although the parties to the within appeal frame the issue as being whether the Illinois custody decree should be extended full faith and credit, the initial question posed for review is whether habeas corpus should issue in spite of the existence of an adequate remedy at law. It is well-settled concerning an appeal as of right from an action originating in the court of appeals that this court will review the judgment of the court as if the action had originally been filed herein to determine, *inter alia,* whether a plain and adequate remedy existed in the ordinary course of the law. See *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 164 [40 O.O.2d 141].

The common thread linking such extraordinary remedies as mandamus, prohibition or habeas corpus is that none of these writs will issue when a plain and adequate remedy exists in the ordinary course of the law. See *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, and cases cited

therein as this rule is applied to actions in mandamus and prohibition, and *In re Hunt* (1976), 46 Ohio St. 2d 378 [75 O.O.2d 450], for the application of the rule to habeas corpus actions.

As stated in *In re Piazza* (1966), 7 Ohio St. 2d 102, 103 [36 O.O.2d 84]:

"* * * Habeas corpus is an extraordinary remedy and as with every extraordinary remedy is not available as a means of relief where there is an adequate remedy in the ordinary course of the law. *In re Burson* [1949], 152 Ohio St. 375 [40 O.O. 391]. Habeas corpus may not be used as a substitute for appeal nor may it be resorted to where an adequate statutory remedy for review of the questions presented exists." See, also, *Linger* v. *Weiss* (1979), 57 Ohio St. 2d 97 [11 O.O.3d 281]; *In re Hunt, supra; In re Clendenning* (1945), 145 Ohio St. 82 [30 O.O.301].

Moreover, it is firmly established that a discretionary right of appeal to the court of appeals constitutes a sufficiently plain and adequate remedy in the ordinary course of the law. *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, 122 [16 O.O.3d 143]; *State, ex rel. Berger,* v. *McMonagle, supra,* at 30.

In the instant cause, appellee not only possessed an adequate statutory remedy under R.C. 3109.32(A),[3] by which to seek enforcement of the Illinois custody order, but she pursued that remedy and received a decision from the court of common pleas on the precise issue which she then placed before the court of appeals through a discretionary appeal, as well as an original action in habeas corpus. Clearly, appellee sought to employ the writ as a substitute for, or in conjunction with, her statutory remedy under R.C. Chapter 3109 and her discretionary appeal, contrary to this court's prior pronouncements. *In re Hunt, supra,* at 381; *In re Piazza, supra,* at 103. Cf. *Hardesty* v. *Williamson* (1984), 9 Ohio St. 3d 174, 176.

We therefore conclude that since this cause exhibits no circumstances warranting the issuance of the extraordinary writ of habeas corpus in place of the statutory procedure contained under R.C. Chapter 3109, or an appeal from the trial court's judgment, the court of appeals improperly granted the writ.[4]

---

[3] R.C. 3109.32(A) provides:

"A certified copy of a custody decree of another state may be filed in the office of the clerk of any court of this state that renders custody decrees. The clerk shall treat the decree in the same manner as a custody decree of an appropriate court of this state. Until modified, a custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state."

[4] Our decision today leaves undisturbed the balance of the judgment of the court of appeals reversing the judgment of the court of common pleas in case No. WD-82-68.

Accordingly, the judgment of the court of appeals is reversed and the writ is denied.[5]

*Judgment reversed and writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.

_____

[5] In view of our decision, appellee's cross-appeal, which raises a question concerning the presentation of evidence before the court of appeals, need not be addressed.