IN RE MILLER ET AL.; BEARD, APPELLANT, v. WILLIAMS COUNTY DEPARTMENT OF SOCIAL SERVICES ET AL., APPELLEES.

[Cite as Beard *v.* Williams Cty. Dept. of Social Services (1984), 12 Ohio St. 3d 40.]

(No. 83-1436—Decided July 3, 1984.)

*Messrs. Anderson, Holder, Barkenquast & King* and *Ms. Susan M. Pioch,* for appellant.

*Mr. Craig L. Roth,* for appellees.

*Per Curiam.* A writ of habeas corpus will lie in child custody matters if the custody order in dispute was entered by a court without jurisdiction, thus being void *ab initio.* See *In re Frinzl* (1949), 152 Ohio St. 164 [39 O.O. 456]; *Reynolds* v. *Ross Cty. Children's Services Agency* (1983), 5 Ohio St. 3d 27.

Appellant argues that she was entitled to counsel at all meaningful stages of the neglect proceedings and, therefore, the failure to provide her with counsel during the proceedings to obtain temporary custody renders those orders void. There is no constitutional requirement that appellant be afforded counsel at temporary custody proceedings. In·*State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6 [15 O.O.3d 3], we held at paragraph two of the syllabus:

"In actions instituted by the state to force the *permanent,* involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right." (Emphasis added.)

Subsequently, in *Lassiter* v. *Dept. of Social Services* (1981), 452 U.S. 18, the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require the appointment of counsel for indigent parents in every parental status ter-

mination proceeding, although recognizing that such appointment was required in certain states, including Ohio.

Appellant was represented by counsel at the permanent termination hearing, as required by *Heller, supra.* Having been represented by counsel, there is no reason why she should not have been aware of her right to an appeal.

The errors raised by appellant which do not amount to constitutional claims, namely, that the complaint failed to properly name her youngest son and that she was entitled to counsel at the temporary custody hearings under R.C. 2151.352 could have been raised on appeal, had appellant availed herself of that remedy.

"* * * A writ of habeas corpus is an extraordinary remedy and will not ordinarily be granted when there is another adequate remedy at law. *In re Piazza* (1966), 7 Ohio St. 2d 102 [36 O.O.2d 84]; *In re Hunt* (1976), 46 Ohio St. 2d 378 [75 O.O.2d 450]." *Linger* v. *Weiss* (1979), 57 Ohio St. 2d 97, 100-101 [11 O.O.3d 281].

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and HOFFMAN, JJ., concur.

HOFFMAN, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.