IN RE MINORS OF DAVIS ET AL.

[Cite as In re Davis (1985), 18 Ohio St. 3d 226.]

(No. 84-1019—Decided July 17, 1985.)

*Sheila Tew* and *Mohamed I. Chambas,* for appellee.

*Stotter, Koosed & Potash Co., L.P.A.,* and *Lee A. Koosed,* for appellant.

*Per Curiam.* The appellee-mother contends that the trial court erred in appointing counsel for the indigent appellant-grandmother for purposes of an appeal, and that, therefore, the appeal before this court should be dismissed. Appellee also argues that in a child-custody case brought under

the Uniform Child Custody Jurisdiction Act, an Ohio juvenile court may issue a writ of habeas corpus against a respondent residing in another state that has also adopted the uniform Act.

The appellant contends that since appellee has gained and pursued her adequate remedy at law, issuance of the extraordinary writ of habeas corpus would be both duplicative and unnecessary.

In the recent case of *Luchene* v. *Wagner* (1984), 12 Ohio St. 3d 37, we stated at 39:

"As stated in *In re Piazza* (1966), 7 Ohio St. 2d 102, 103 [36 O.O.2d 84]:

" '* * * Habeas corpus is an extraordinary remedy and as with every extraordinary remedy is not available as a means of relief where there is an adequate remedy in the ordinary course of the law. *In re Burson* [1949], 152 Ohio St. 375 [40 O.O. 391]. Habeas corpus may not be used as a substitute for appeal nor may it be resorted to where an adequate statutory remedy for review of the questions presented exists.' See, also, *Linger* v. *Weiss* (1979), 57 Ohio St. 2d 97 [11 O.O.3d 281]; *In re Hunt* [(1976), 46 Ohio St. 2d 378 (75 O.O.2d 450)], *supra; In re Clendenning* (1945), 145 Ohio St. 82 [30 O.O. 301].

"Moreover, it is firmly established that a discretionary right of appeal to the court of appeals constitutes a sufficiently plain and adequate remedy in the ordinary course of the law. *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, 122 [16 O.O.3d 143]; *State, ex rel. Berger,* v. *McMonagle* [(1983), 6 Ohio St. 3d 28], *supra,* at 30."

In the cause *sub judice,* the trial court granted appellee custody of her children under Ohio's version of the Uniform Child Custody Jurisdiction Act, R.C. 3109.21 *et seq.* We find that the case herein is similar to, and controlled by *Luchene, supra,* because we can find no circumstances warranting the issuance of the extraordinary writ in addition to the custody decree granted by the trial court pursuant to R.C. Chapter 3109. Moreover, it is extremely doubtful that a writ of habeas corpus issued by an Ohio court could be enforced in a sister state such as Louisiana. See *Lemley* v. *Kaiser* (1983), 6 Ohio St. 3d 258.

Given the fact that both Ohio and Louisiana have adopted the Uniform Child Custody Jurisdiction Act, the custody decree rendered by the juvenile court below is binding on the appellant since the record indicates she was properly served. The appellee's enforcement of the custody decree can and should be made through the Louisiana courts. The procedure undertaken by appellee in the juvenile court has provided her with an adequate remedy at law. This being the case, the issuance of an extraordinary writ of habeas corpus would be, as appellant contends, both unnecessary and duplicative and will not be sanctioned by this court.

With respect to the issue raised by appellee concerning the appointment of appellate counsel for the indigent appellant, we find that such ap-

pointment was a function of discretion on the part of the juvenile court, and does not constitute reversible error.

Based upon the foregoing, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

LOCHER, J., concurs in judgment only.