OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Howard, Appellant, v. Catholic Social Services of Cuyahoga
County, Inc., et al., Appellees.
[Cite as Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.
(1994),        Ohio St.3d       .]
Custody -- Juvenile law -- Writ of habeas corpus does not lie
     in child custody matter, when -- Courts -- Jurisdiction --
     Appellate procedure -- Appeal divests trial court of
     jurisdiction to consider Civ.R. 60(B) motion for relief
     from judgment.
     (Nos. 94-11 and 94-153 -- Submitted May 10, 1994 --
Decided August 31, 1994.)
     Appeal from the Court of Appeals for Cuyahoga County, No.
66594.
     In 1986, petitioner-appellant, Timothy Howard, entered
into a common-law marriage with respondent-appellee, Julie
Howard.  When the parties separated between 1990 and 1992,
appellant visited their two children, who had primarily resided
with Julie.  On March 14, 1992, Julie gave birth to Mary Beth,
the child at issue during these proceedings.  Julie had
concealed her pregnancy and Mary Beth's birth from appellant,
advising him that she went to the hospital to have a cyst
removed.  At the time of Mary Beth's birth, Julie had stated
that she did not know the child's biological father's identity
and denied that appellant was the child's biological father.
     On March 17, 1992, Julie agreed to give temporary custody
of Mary Beth to respondent-appellee, Catholic Social Services
of Cuyahoga County, Inc. ("CSS"), a private child-placing
agency.  On June 1, 1992, Julie executed a permanent surrender
of the child to CSS because she was "unable to care for the
child" and believed that "adoption is in her best interests."
In a complaint filed on November 24, 1992 in case No. 9214817,
CSS alleged that the child was dependent and prayed for
permanent custody.  Following a hearing at which all of the
parties were present, the court granted emergency temporary
custody of Mary Beth to CSS on December 14, 1992.  In a report
of a DNA parentage test dated February 1, 1993, appellant was
determined to be the biological father of the child.  Following
an adjudicatory hearing, but prior to an adjudication of Mary

Beth's status as a dependent child, the Cuyahoga County Common Pleas Court, Juvenile Division, granted appellant's motion to dismiss case No. 9214817 on September 21, 1993 pursuant to R.C. 2151.35(B)(1). The juvenile court specified that the dismissal was without prejudice.

Prior to the actual dismissal of case No. 9214817, Mary Beth, through court-appointed counsel, filed a complaint on September 1, 1993 in case No. 9311338 alleging that she was a dependent child and requesting that permanent custody be awarded to CSS. The complaint further alleged that appellant was an alcoholic who had been accused of being violent by his wife, Julie. The juvenile court granted Mary Beth's motion for emergency temporary custody of her to CSS on the same day that the complaint was filed. The juvenile court subsequently vacated the emergency temporary custody order but granted a second motion for emergency temporary custody on September 14, 1993.

In November 1993, adjudicatory hearings were held on the complaint in case No. 9311338. On November 30, 1993, i.e., ninety days after the complaint for permanent custody was filed, appellant's counsel instructed appellant to leave the courtroom following his direct examination during a continuation of the adjudicatory hearings. That day, appellant's counsel filed a motion to dismiss the case pursuant to R.C. 2151.28(B)(3) and 2151.35(B)(1). The motion requested that the dismissal be with prejudice, since there had been two adjudicatory hearings without either an adjudication or a disposition in over a year since the first permanent custody action was initiated.

According to a transcript made of the November 30, 1993 hearing by appellant's counsel and incorporated in appellant's motion for relief from judgment in the court of appeals, the juvenile court allowed CSS to file a third complaint, case No. 9315631, and another motion for emergency temporary custody of the child. The complaint, verified by CSS employee and licensed social worker Shirley Lee, stated that appellant (1) had not provided any care or support to the child, (2) was unable to care for the child because of his alcoholism, substance abuse, inability to provide necessary economic resources, and violent disposition, (3) had two prior children as a result of his common-law marriage to Julie but was not seeking custody of either of those children, (4) had an unstable home environment, and (5) was an unfit or unsuitable parent. CSS's motion for emergency temporary custody of Mary Beth claimed that neither appellant nor Julie was presently able to care for the child.

The juvenile court, in the presence of appellant's counsel, stated that it had heard testimony by appellant that he could not take care of the child at that time and that it was unaware of appellant's whereabouts since he had left the courthouse. The court stated that it would dismiss the complaint in case No. 9311338 without prejudice, and grant the motion for emergency temporary custody in case No. 9315631, allowing the new case to proceed. Appellant's counsel did not object to the court's analysis of appellant's testimony or request a hearing on the emergency temporary custody motion during the November 30, 1993 proceeding. Instead, he left the

courtroom.

On December 9, 1993, appellant filed a petition for a writ of habeas corpus in the Cuyahoga County Court of Appeals, naming CSS and Julie Howard as respondents. Appellant claimed that he was entitled to immediate possession and legal custody of Mary Beth. On December 15, 1993, the court of appeals dismissed the petition sua sponte on the basis that appellant possessed an adequate remedy by appeal to challenge the juvenile court's award of preadjudicatory emergency temporary custody of Mary Beth to CSS. That judgment was appealed to this court as case No. 94-11. On January 6, 1993, the court of appeals overruled appellant's Civ.R. 60(B)(5) motion for relief from judgment because it believed it lacked jurisdiction to rule on the merits of the motion while an appeal was pending in this court from the judgment sought to be vacated. The latter judgment was appealed to this court in case No. 94-153. This court granted appellant's motion to consolidate the appeals.

The cause is now before this court upon the consolidated appeals as of right.

Michael D. Slodov, for appellant.

Albert E. Fowerbaugh, for appellee Catholic Social Services of Cuyahoga County, Inc.

Per Curiam. In his first proposition of law, appellant asserts that the court of appeals erred in denying his petition for a writ of habeas corpus. CSS contends that appellant was not entitled to habeas corpus relief because the juvenile court possessed jurisdiction to issue the preadjudicatory emergency temporary custody orders. CSS relies upon R.C. 2725.05, which provides: "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." Pursuant to R.C. 2725.05, this court has generally limited issuance of the writ in order to preclude nonjurisdictional challenges. Flora v. Rogers (1993), 67 Ohio St.3d 441, 619 N.E.2d 690; State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25, 607 N.E.2d 453. In addition to such criminal cases, we have applied R.C. 2725.05 in habeas corpus cases that arose in the civil context as well. See, e.g., In re Frinzl (1949), 152 Ohio St. 164, 39 O.O. 456, 87 N.E.2d 583, paragraph three of the syllabus, applying the similarly worded statutory predecessor to R.C. 2725.05 to a child custody case; see, also, Children's Home of Marion Cty. v. Fetter (1914), 90 Ohio St. 110, 106 N.E. 761; In re Gatti (Oct. 16, 1990), Seneca App. No. 13-90-16, unreported 1990 WL 157235, Morton v. Ewers (Oct. 15, 1982), Monroe App. No. 567, unreported 1982 Wl 6200. "A writ of habeas corpus will lie in child custody matters if the custody order in dispute was entered by a court without jurisdiction, thus being void ab initio." Beard v. Williams Cty. Dept. of Social Serv. (1984), 12 Ohio St.3d 40, 41, 12 OBR 35, 36, 465 N.E.2d 397, 399; cf. Reynolds v. Ross Cty. Children's Serv. Agency (1983), 5 Ohio St.3d 27, 5 OBR 87, 448 N.E.2d 816.

In the case at bar, the juvenile court possessed basic statutory jurisdiction pursuant to R.C. 2151.23(A)(1) to consider the merits of the three filed complaints because they all alleged that Mary Beth was a dependent child. Furthermore, the juvenile court's dismissals of the first two complaints were pursuant to R.C. 2151.28(B)(3) ("in no case shall the dispositional hearing be held later than ninety days after the date on which the complaint was filed") and R.C. 2151.35(B)(1) ("dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed"). R.C. 2151.35(B)(1) further provides that "[i]f the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." The juvenile court fully complied with R.C. 2151.35(B)(1) by dismissing the first two dependency complaints when dispositional hearings were not held within the specified ninety-day period. However, since R.C. 2151.35(B)(1) expressly states that such dismissals are without prejudice, it was not deprived of jurisdiction to consider subsequently filed complaints. Based upon the foregoing, it is apparent that the juvenile court possessed jurisdiction to consider the third dependency complaint.

Nevertheless, as we recently held in State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591,      N.E.2d    , this conclusion does not end our inquiry into the propriety of habeas corpus, since R.C. 2725.05 should not be construed as controlling the exercise of original jurisdiction in habeas corpus constitutionally granted to courts of appeals and this court. Stahl v. Shoemaker (1977), 50 Ohio St.2d 351, 354, 4 O.O.3d 485, 487, 364 N.E.2d 286, 288. Therefore, in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, habeas corpus will lie notwithstanding the fact that only nonjurisdictional issues are involved, so long as there is no adequate legal remedy, e.g., appeal or postconviction relief. State ex rel. Pirman, supra; see, also, In re Fisher (1974), 39 Ohio St.2d 71, 68 O.O.2d 43, 313 N.E.2d 851 (habeas corpus will lie to determine whether a person was not afforded counsel and thereby denied due process in noncriminal civil commitment proceedings); and In re Brown (1973), 35 Ohio St.2d 9, 64 O.O.2d 5, 298 N.E.2d 579 (full hearing required on habeas corpus claim which alleged unlawful deprivation of custody because of denial of counsel in a neglect proceeding). Cf. McGinty v. Jewish Children's Bur. (1989), 46 Ohio St.3d 159, 161, 545 N.E.2d 1272, 1274 ("parental consent to an adoption order is the jurisdictional prerequisite which, if absent, allows the order to be attacked as void in a habeas corpus proceeding").

In the instant case, it is evident that the due process violations alleged by appellant, i.e., the juvenile court's repeated failure to comply with the procedural and substantive requirements set forth in R.C. 2151.33 and 2151.419 regarding emergency temporary custody orders, were not of sufficient merit to require the extraordinary remedy of habeas corpus. Moreover, R.C. 2151.419 applies only to a child who has been removed from his home. Here, the complaint alleges not that CSS removed the child from any home but that it had the child

voluntarily placed with it by Julie Howard, who misrepresented to CSS that appellant was not the child's biological father. Appellant's own transcript of the November 30, 1993 proceedings indicates that the juvenile court, in granting the last motion of CSS for emergency temporary custody, stated that appellant had testified that he was then unable to care for Mary Beth and that Julie Howard had permanently surrendered the child. Although appellant now claims that the juvenile court erred in relying on the evidence admitted in case No. 9311338 to resolve the emergency temporary custody motion in case No. 9315631, his counsel did not timely object during the hearing before the juvenile court.

Further, the verified complaint in case No. 9315631 alleged that appellant was an unfit parent because of, inter alia, alcoholism and substance abuse. As CSS notes, the juvenile court merely acted in the best interests of the child when it granted its emergency temporary custody order where the verified complaint indicated that neither parent was then able to care for her. Under these circumstances, any alleged failure by the juvenile court to fully comply with the statutes did not violate appellant's constitutional right to due process.

Finally, as the court of appeals held, habeas corpus is an extraordinary remedy and as with every extraordinary remedy is not available as a means of relief where there is an adequate remedy in the ordinary course of law. In re Davis (1985), 18 Ohio St.3d 226, 227, 18 OBR 285, 286, 480 N.E.2d 775, 776. Therefore, habeas corpus may not be used as a substitute for appeal. McNeal v. Miami Cty. Children's Serv. Bd. (1992), 64 Ohio St.3d 208, 210, 594 N.E.2d 587, 588. Habeas corpus relief is the exception to the general rule in child custody actions. Id.; cf. Marich v. Knox Cty. Dept. of Human Serv. (1989), 45 Ohio St.3d 163, 543 N.E.2d 776 (appeal not speedy enough where undue influence invalidated a permanent surrender agreement with a natural parent).

While appellant implicitly claims a jurisdictional defect by the juvenile court's continued grant of emergency temporary custody to CSS, a party challenging the court's jurisdiction generally has an adequate remedy at law via appeal from the court's holding that it has jurisdiction absent a patent and unambiguous lack of jurisdiction. State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 608. As noted previously, appellant's jurisdictional claim is meritless. Moreover, as to his constitutional due process claim, although appellant is correct that he possesses no immediate appeal from any preadjudicatory emergency temporary custody order, see Kurtz & Giannelli, Ohio Juvenile Law (2 Ed.1989) 112, Section T 7.07; cf. In re Murray (1990), 52 Ohio St.3d 155, 156, 556 N.E.2d 1169, 1170-1171, the absence of such remedy does not per se mean that an appeal following a determination of the permanent custody complaint is not an adequate remedy. Cf., e.g., Wenzel v. Enright (1993), 68 Ohio St.3d 63, 66, 623 N.E.2d 69, 72 (appeal following conviction and sentence an adequate remedy to address error in pretrial overruling of dismissal motion based on double jeopardy), and State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119 (appeal following conviction and sentence an adequate remedy to address pretrial grant of motion

to disqualify counsel).

There may be certain extreme circumstances in which habeas corpus would lie where either one or a series of improperly entered emergency temporary custody orders is used solely to deprive natural parents of their paramount constitutional right to the care, custody, and management of their children, see, e.g., Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599, 606, and In re Murray (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, 1171, without any findings as to parental suitability and the best interests of the children, but such extreme circumstances are not present in the case at bar.1  The court of appeals thus properly denied appellant's petition for a writ of habeas corpus, and appellant's first proposition of law is overruled.

Appellant's second proposition of law asserts that the court of appeals erred in denying his Civ.R. 60(B)(5) motion for relief from judgment.  The court of appeals overruled appellant's motion based on its rationale that appellant's pending appeal in this court from the court of appeals' judgment denying his petition for a writ of habeas corpus divested it of jurisdiction.  When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.  Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355; In re Kurtzhalz (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus.  The issue presented by the court of appeals' decision is whether a trial court retains jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment when an appeal from the same judgment is pending.

Although some Ohio appellate courts have adopted the view that trial courts can consider the merits of Civ.R. 60(B) motions without interfering with reviewing courts' appellate jursidction, see, e.g., Bank One, Columbus, N.A. v. O'Brien (Dec. 31, 1991), Franklin App. Nos. 91AP-165 and 91AP-440, unreported, at 23; Day v MacDonald (1990), 67 Ohio App.3d 240, 586 N.E.2d 1135; see, also, Whiteside, Ohio Appellate Practice (1993) 20-21, T 1.09(C), supporting the foregoing view, we have expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment.  State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105, 107, citing Klinginsmith v. Felix (1989), 62 Ohio App.3d 147, 574 N.E.2d 1142, with approval.  Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion.  Id. at 151, 574 N.E.2d at 1144; Majnaric v. Majnaric (1975), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552. Therefore, the court of appeals correctly held that it lacked jurisdiction to consider the merits of appellant's Civ.R. 60(B) motion.

Accordingly, for the foregoing reasons, the judgments of the court of appeals are affirmed.

Judgments affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., concurs in judgment.

FOOTNOTE
1  In Linger v. Weiss (1979), 57 Ohio St.2d 97, 11 O.O.3d 281, 386 N.E.2d 1354, this court held that a three-year delay following an adjudicatory hearing did not require habeas corpus relief.  However, Linger was decided prior to the amendment of the statutory time requirements in R.C. 2151.28(B)(3) and 2151.35(B)(1) and is of dubious continued vitality in abuse, neglect, and dependency proceedings.  2 Carr & Young, Anderson's Ohio Family Law (2 Ed.1989) 321, Section 20.13; Kurtz & Giannelli, supra, at 111, Section T 7.07.

Pfeifer, J., concurring in judgment.    While I agree with the result reached by the majority, the opinion goes too far by unnecessarily discussing other scenarios where habeas corpus relief is not warranted.  This extraneous analysis may affect future cases that are unimagined by the court today.