JOURNAL ENTRY AND OPINION MOTION NO. 36506
On February 26, 2002, the petitioner, Arundell Dixon, commenced this habeas corpus action against the respondent, Sheriff Gerald McFaul. The gravamen of his claim is that he is being held on excessive bail.
A review of Mr. Dixon's complaint and its attachments reveals the following: On February 6, 2002, Mr. Dixon was arrested on drug charges.[1] The Cleveland Municipal Court initially set bond at $1,000,000. Following a preliminary hearing on or about February 15, 2002, the municipal court bound the matter over to the court of common pleas. On February 20, 2002, before the arraignment, Mr. Dixon filed a motion to reduce bond. The common pleas court denied this motion on February 25, 2002, before any arraignment occurred.
The writ of habeas corpus is an extraordinary remedy and is generally precluded when there is an adequate remedy at law. Linger v. Weiss
(1979), 57 Ohio St.2d 97, 386 N.E.2d 1354; Pettry v. McGinty (1979),60 Ohio St.2d 92, 397 N.E.2d 1190; Thomas v. Huffman (1998),84 Ohio St.3d 266, 703 N.E.2d 315; and Luchene v. Wagner (1984),12 Ohio St.3d 37, 465 N.E.2d 395. Although habeas corpus is a proper remedy for a claim of excessive pretrial bond, the peculiar, current procedural posture of the underlying case indicates that adequate remedies exist. Mr. Dixon may seek reduction of the bond at the arraignment, and he may also file a motion to reduce bond with the actual trial court judge once the judge has been assigned. Accordingly, the court declines to issue a writ of habeas corpus.
The court further notes that R.C. 2725.04(D) requires that a copy of the commitment or cause of detention of the person shall be exhibited. The court has serious reservations as to whether the current and proper cause of commitment are before the court.
Accordingly, the court denies the writ of habeas corpus, and this case is dismissed. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
TERRENCE O'DONNELL, J., and DIANE KARPINSKI, J., CONCUR.
[1] In the attached copy of a motion to reduce bond, Mr. Dixon asserts that he was charged with drug trafficking in the municipal court. However, the attached copy of the initial docket from the common pleas court lists the bindover charges as possession of cocaine. This initial docket does not list any indictments, and no indictments are attached.