JOURNAL ENTRY AND OPINION
{¶ 1} On June 17, 2002, the petitioners, David Rothacker and his daughters, Cynthia Rothacker and Mindy Rothacker,[1] commenced this habeas corpus action against the respondent, James McCafferty, the Director of the Cuyahoga County Department of Children's and Family Services ("the County"). In April 2002, the Cuyahoga County Common Pleas Court, Juvenile Division, awarded temporary custody of Cynthia and Mindy Rothacker to the County, which had alleged that Cynthia was neglected in the underlying case, In the Matter of Cynthia Rothacker, Cuyahoga County Common Pleas Court, Juvenile Division, Case No. 02901551.[2] On June 27, 2002, the County moved for summary judgment. On July 29, 2002, the petitioners belatedly filed a brief in opposition.[3] For the following reasons, this court grants the motion for summary judgment and denies the application for a writ of habeas corpus.
 {¶ 2} The gravamen of the habeas corpus complaint is that the Juvenile Court unlawfully deprived Mr. Rothacker of the legal custody of his daughters because it made the following errors: (1) it did not consider the paternal grandmother as a custodian; (2) the court erroneously found that the County made reasonable efforts to prevent the removals; (3) it erroneously found that Mr. Rothacker failed or refused to comply with Agency Services.
 {¶ 3} The Supreme Court of Ohio in Howard v. Catholic SocialServices of Cuyahoga County, Inc., 70 Ohio St.3d 141, 1994-Ohio-219,637 N.E.2d 890, reviewed the principles of habeas corpus in child custody cases. The court first noted that R.C. 2725.05 provides: "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." Thus, generally nonjurisdictional challenges preclude the issuance of a writ of habeas corpus. Moreover, habeas corpus is an extraordinary remedy and is not available when there is an adequate remedy in the ordinary course of the law. Habeas corpus may not be used as a substitute for appeal.Luchene v. Wagner (1984), 12 Ohio St.3d 37, 39, 465 N.E.2d 395, and In rePiazza (1966), 7 Ohio St.2d 102, 218 N.E.2d 459. Nevertheless, there may be extreme circumstances in child custody cases which would warrant intervention through habeas corpus. For example, in Marich v. Knox CountyDepartment of Human Services/Children Services Unit (1989),45 Ohio St.2d 163, 543 N.E.2d 776, the court upheld habeas relief when the state had used undue influence to secure a newborn infant for adoption from a fifteen-year-old mother. The Howard court also cited Inre Fisher (1974), 39 Ohio St.2d 71, 313 N.E.2d 851 and In re Brown
(1973), 35 Ohio St.2d 9, 298 N.E.2d 579, cases involving deprivation of counsel, as examples in which egregious circumstances permitted habeas relief.
 {¶ 4} In the instant case the juvenile court, pursuant to R.C.2151.03(A), 2151.23 and 2151.28, had jurisdiction to determine whether the daughters were neglected and to make an award of temporary custody to the County. Thus, because the trial court possessed the basic statutory jurisdiction over the matter, habeas corpus should not lie. State exrel. Milgrim v. Leonard Munks (Nov. 24, 1999), Cuyahoga App. No. 77226, and Wade v. Director, Cuyahoga County Department of Children and FamilyServices (Oct. 15, 1999), Cuyahoga App. No. 76752.
 {¶ 5} In response Mr. Rothacker argues that because the juvenile court is a creature of statute, the statutory guidelines, procedures and requirements, e.g., the duty to consider relative placement, are jurisdictional in nature. Thus, the juvenile court's failure to follow the provisions in R.C. Chapter 2151 deprive it of jurisdiction, and habeas corpus should lie. However, this is not persuasive. First, Mr. Rothacker cites no authority for the proposition. The proposition is also absurd, because it would mean that even a minor deviation from the statutory scheme would deprive the juvenile court of jurisdiction over the important cases entrusted to it. Finally, the courts have repeatedly ruled that errors, including multiple dismissals, alleged perjury, alleged due process violations, and the failure to follow the statutes precisely, are not jurisdictional defects. Howard, Wade, and State exrel. Driscoll v. Hunter (Mar. 5, 1998), Cuyahoga App. No. 72905.
 {¶ 6} Moreover, habeas corpus will not lie because there are adequate remedies at law. In Howard, the petitioner also sought immediate relief from a court order which granted temporary custody. In denying habeas relief, the supreme court stated that although the petitioner possessed no immediate appeal from a preadjudicatory emergency temporary custody order, appeal following a determination of the entire case could be an adequate remedy and precluded the issuance of a writ of habeas corpus. Furthermore, in Pettry v. McGinty (1979), 60 Ohio St.2d 92,397 N.E.2d 1190, the supreme court held that Juv.R. 7(G) provides an adequate remedy at law precluding habeas relief for an order of temporary custody.[4] The County also notes that Juv.R. 40(C) provides for an appeal from the decision of the magistrate to the court.
 {¶ 7} In response, Mr. Rothacker argues that the adequate remedy principle should not apply because appeal after the final decision would not be a complete, speedy, or beneficial remedy and because a motion under Juv.R. 7(G) would be a vain act. The law does not require the doing of a vain act. He also pleads that the errors committed by the juvenile court are so egregious that habeas relief should lie to correct them immediately.
 {¶ 8} These arguments are not persuasive. His reliance on Marich
for the proposition that an appeal would not be a complete, beneficial, and speedy remedy is misplaced. Marich is distinguishable and inapplicable because it concerned the adoption of an infant and a finding of undue influence. Additionally, the Supreme Court of Ohio has also held that the sole fact that pursuing an appeal would encompass more delay and inconvenience than seeking a writ is insufficient to prevent the appeal from constituting a plain and adequate remedy at law which would preclude the extraordinary remedy. Cf. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119.
 {¶ 9} Moreover, this court has carefully reviewed the materials submitted and considered the errors alleged. These alleged errors, although framed as constitutional violations, actually attack the findings of the court. Would the paternal grandmother make an appropriate guardian? Did the County try to prevent the removal of the children? Were there other circumstances which demanded the removal of the children? Did the County try to provide services to the father? Did the father refuse such services? Such matters are properly addressed on appeal. Thus, Mr. Rothacker is really seeking to use habeas corpus as a substitute for appeal. Finally, these alleged errors, if any, are not so egregious that habeas relief is warranted.
 {¶ 10} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of habeas corpus. Petitioners to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
MICHAEL J. CORRIGAN, P.J. and DIANE KARPINSKI, J. CONCUR
[1] Mr. Rothacker, in approximately 1989, had been awarded legal custody of his daughters.
[2] In In the Matter of Mindy Rothacker, Cuyahoga County Common Pleas Court, Juvenile Division, Case No. 02901528, the court had awarded the County temporary custody of Mindy. Although Mr. Rothacker seeks the return of both of his daughters, he provides documents and records relating only to Cynthia.
[3] Loc.App.R. 45(B)(3) allows twenty days for a response to a dispositive motion in original actions before this court.
[4] Juv.R. 7(G) provides in pertinent part as follows: "After a child is placed in shelter care or detention care, any party and the guardian ad litem of the child may file a motion with the court requesting that the child be released from detention or shelter care. Upon the filing of the motion, the court shall hold a hearing within seventy-two hours."