PETITION FOR WRIT OF HABEAS CORPUS
{¶ 1} Petitioner, the mother of three dependant children, has filed a petition for a writ of habeas corpus and named the Cuyahoga County Department of Children's and Family Services ("the County"), as the respondent. The County has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} On December 19, 2001, the Cuyahoga County Court of Common Pleas, Juvenile Division, awarded permanent custody of the petitioner's three children to the County. No direct appeal was filed by the petitioner from the permanent award of custody to the County. On October 10, 2002, the petitioner commenced her action for a writ of habeas corpus. On October 21, 2002, the County filed a motion to dismiss.
 {¶ 3} In Howard v. Catholic Social Services of Cuyahoga County,Inc., 70 Ohio St.3d 141, 1994-Ohio-219, 637 N.E.2d 890, the Supreme Court of Ohio examined the applicability of habeas corpus in a child custody case. The Supreme Court of Ohio held that:
 {¶ 4} "Pursuant to R.C. 2725.05, this court has generally limited issuance of the writ in order to preclude nonjurisdictional challenges.Flora v. Rogers (1993), 67 Ohio St.3d 441, 619 N.E.2d 690; State ex rel.Dotson v. Rogers (1993), 66 Ohio St.3d 25, 607 N.E.2d 453. In addition to such criminal cases, we have applied R.C. 2725.05 in habeas corpus cases that arose in the civil context as well. See, e.g., In re Frinzl (1949),152 Ohio St. 164, 30 O.O. 456, 87 N.E.2d 583, paragraph three of the syllabus, applying the similarly worded statutory predecessor to R.C.2725.05 to a child custody case; see also, Children's Home of MarionCty. V. Fetter (1914), 90 Ohio St. 110, 106 N.E. 761; In re Gatti (Oct. 16, 1990), Seneca App. No. 13-90-16, unreported, 1990 WL 157235; Mortonv. Ewers (Oct. 15, 1982), Monroe App. 567, unreported, 1982 WL 6200. `A writ of habeas corpus will lie in child custody matters if the custody order in dispute was entered by a court without jurisdiction, thus being void ab initio.' Beard v. Williams Cty. Dept. Of Social Serv. (1984),12 Ohio St.3d 40, 41, 12 OBR 35, 36, 465 N.E.2d 397, 399; cf. Reynoldsv. Ross Cty. Children's Serv. Agency (1983), 5 Ohio St.3d 27, 5 OBR 87,448 N.E.2d 816." Howard v. Catholic Social Services of Cuyahoga County,Inc., supra, 145.
 {¶ 5} It must also be noted that habeas corpus is an extraordinary remedy and is not available when there exists a remedy in the ordinary course of the law. Habeas corpus may not be used as a substitute for a direct appeal. Luchene v. Wagner (1984), 12 Ohio St.3d 37; 465 N.E.2d 395;In re Piazza (1966), 7 Ohio St.2d 102, 218 N.E.2d 459.
 {¶ 6} In the case sub judice, the juvenile court possessed the necessary basic jurisdiction to determine whether the petitioner's three children were dependant. See. R.C. 2151.23(A)(1). We further find that the petitioner possessed an adequate remedy at law through a direct appeal from the judgment of the juvenile court which awarded permanent custody of her three children to the County. As previously stated, habeas corpus is an extraordinary remedy and may not be used as a substitute for an appeal. McNeal v. Miami Cty. Children's Serv. Bd. (1992),64 Ohio St.3d 208, 594 N.E.2d 587. In re Davis (1985), 18 Ohio St.3d 226,480 N.E.2d 775. Finally, we find that the petitioner has failed to cite any extreme circumstances which would require this court to issue a writ of habeas corpus. Absent specific claims of ineffective assistance of trial counsel and a demonstration of the claimed deficiencies, we find that the bare allegation of a denial of due process does not invoke the extraordinary circumstances necessary for this court to issue a writ of habeas corpus. Cf. McGinty v. Jewish Children's Bur. (1989),46 Ohio St.3d 159, 545 N.E.2d 1272; State ex rel. Pirman, supra, In reFisher (1974), 39 Ohio St.2d 71, 313 N.E.2d 851; In re Brown (1973),35 Ohio St.2d 9, 298 N.E.2d 579.
 {¶ 7} Accordingly, we grant the County's motion to dismiss. Costs to petitioner. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Petition dismissed.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.