[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Matthew K. Harris has filed a petition for a writ of habeas corpus seeking the immediate return of his two minor children from respondent, Arista L. Harris, his former spouse. On May 2, 2005, we ordered petitioner to file a memorandum addressing whether habeas corpus is appropriate in this case. To date, petitioner has not filed a response. For the reasons that follow, we deny the writ and dismiss the petition.
 {¶ 2} Habeas corpus is an extraordinary remedy through which a person may, inter alia, obtain custody of a child from another who is unlawfully exercising custody. R.C. 2725.01. Like other extraordinary remedies, "[a] writ of habeas corpus will lie [only] where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." (Emphasis added.) Holloway v. Clermont Cty.Dept. of Human Services, 80 Ohio St.3d 128, 130, 1997-Ohio-131.
 {¶ 3} If a petition seeking a writ of habeas corpus presents a facially valid claim, a court must allow the writ and order the respondent to make a return showing the cause of the detention. R.C.2725.06. A court, however, should deny the writ and dismiss the petition if it sets forth a claim that cannot be granted. Pegan v. Crawmer,
(1995), 73 Ohio St.3d 607, 609.
 {¶ 4} Here, petitioner and respondent were married in 1994, and two children were born as issue of the marriage. In May 2004, respondent left Georgia, where the couple was then living, and moved with the children to Ohio. As a result, petitioner filed a complaint for divorce in the Superior Court of Muscogee County, Georgia. When respondent failed to respond, the Muscogee County Superior Court granted petitioner a divorce and awarded him sole legal and physical custody of the children. Respondent, however, has not returned the children to petitioner.[1]
 {¶ 5} Construing the allegations in the petition in a manner most favorable to petitioner, we conclude that he is not entitled to a writ of habeas corpus because he possesses an adequate legal remedy in the ordinary course of the law to enforce the Georgia custody order. Specifically, R.C. 3127.31 through R.C. 3127.47 provides a mechanism by which a person may register and enforce a child custody determination issued by another state. See, also, Luchene v. Wagner (1984),12 Ohio St.3d 37 (holding that former R.C. 3109.32(A) provided an adequate statutory remedy to enforce an Illinois custody order). Moreover, if petitioner so chooses he then could file an appeal from the trial court's judgment. See, e.g., In re Davis (1985), 18 Ohio St.3d 226,227.
 {¶ 6} Therefore, because we find no circumstances justifying the issuance of an extraordinary writ in place of the statutory procedure contained in R.C. Chapter 3127, the writ of habeas corpus is DENIED and the petition is DISMISSED WITH PREJUDICE. COSTS TO PETITIONER.
Abele, P.J.: Concurs.
[1] In January 2005, the Superior Court of Muscogee County found respondent in contempt because of her failure to surrender physical custody of the children to petitioner as ordered.