[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} On June 27, 2006, Adoption Link, Inc., filed a petition for a writ of habeas corpus. Adoption Link seeks to obtain the immediate physical custody of the minor, T.J., from the Respondent, Robert Suver, Director of Clark County Department of Job and Family Services ("Suver"). On July 20, 2006, Suver filed a "Brief Contra to Petition for Habeas Corpus." On July 27, 2006, we issued an order stating that we would treat Suver's "Brief Contra" as a motion to dismiss and ordered Adoption Link to file a response to the motion to dismiss. On August 7, 2006, we received Adoption Link's memorandum in opposition to Suver's motion to dismiss. Suver filed a response to Adoption Link's memorandum in opposition to the motion to dismiss on August 14, 2006.
 {¶ 2} The facts relevant to this action are as follow: Minor, T.J., was born on or about December 29, 2005. On December 30, 2005, Suver requested and received an ex parte order from the Clark County Juvenile Court ("Clark County") giving emergency custody of T.J. to Suver. On January 3, 2006, Suver filed a complaint in Clark County Juvenile Court which sought emergency shelter care and temporary custody of T.J. On April 24, 2006, the court awarded temporary custody to Suver.
 {¶ 3} Also on April 24, 2006, the parents of T.J. executed agreements permanently surrendering custody of T.J. to Adoption Link for the purpose of obtaining adoption of the child. The Permanent Surrenders were filed with the Greene County Juvenile Court ("Greene County") on April 26, 2006, pursuant to R.C.5103.15(B)(2).
 {¶ 4} On April 28, 2006, Suver filed a motion in Greene County Juvenile Court to vacate the order of permanent surrender. On May 23, 2006, the court ordered Suver to relinquish custody of T.J. to Adoption Link. Suver refused to relinquish custody of T.J. to Adoption Link. On June 27, 2006, Adoption Link brought this habeas corpus action requesting an order from this Court to Suver requiring him to turn over T.J. to Adoption Link.
 {¶ 5} A writ of habeas corpus is appropriate if child is being illegally detained. Howard v. Catholic Social Services
(1994), 70 Ohio St.3d 141, 1994-Ohio-219. To be entitled to a writ of habeas corpus in child custody cases the petitioner "must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child." Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 102,1996-Ohio-419.
 {¶ 6} R.C. 2151.23(A)(9) provides, in part, that "[t]he juvenile court has exclusive original jurisdiction . . . [t]o hear and determine requests for the extension of temporary custody agreements, and requests for court approval of permanent custody agreements, that are filed pursuant to section 5103.15 of the Revised Code." (Emphasis added).
 {¶ 7} In the present case, Clark County Juvenile Court obtained exclusive original jurisdiction in matters involving the custody of T.J. on January 3, 2006, when Suver filed a complaint seeking temporary custody of T.J.R.C. 2151.23. Therefore, the Greene County Juvenile Court lacked jurisdiction to issue any order concerning the custody of T.J., including its May 23, 2006 order requiring Suver to relinquish custody of T.J. to Adoption Link. Accordingly, T.J. is not being unlawfully detained in violation of the Greene County Juvenile Court's order. Adoption Link contends that because, pursuant to R.C. 5103.15(B)(2), a juvenile court's approval is not required to effect a permanent surrender of a child if that child is less than six months of age, the execution of the permanent surrender of T.J. on April 24, 2006, by his parents divested Clark County Juvenile Court of its jurisdiction over T.J. We disagree.
 {¶ 8} Adoption Link is correct that pursuant to R.C.5103.15(B)(2), juvenile court approval is not required to effect a permanent surrender of a child, if that child is less than six months of age. However, R.C. 5103.15(B)(1) states, in part, that "[s]ubject to, except as provided in division (B)(2) of this section, juvenile court approval, the parents, guardian or other persons having custody of a child may enter into an agreement with a public children services agency or private child placing agency surrendering the child into the permanent custody of the agency." (Emphasis added). R.C. 5103.15(B)(1) specifically requires that any person executing a permanent surrender, with or without juvenile court approval, must have legal custody of the child. Although R.C. 5103.15(B)(2) provides an exception to juvenile court approval when executing a permanent surrender of a child less than six months, it does not obviate the requirement that a parent or party have actual custody of a child before they can permanently surrender custody of that child.
 {¶ 9} Since December 30, 2005, Respondent Suver has had legal custody of the minor child T.J. Therefore, when T.J.'s parents attempted to execute a permanent surrender of custody on April 24, 2006, they did not have legal custody of T.J., and thus could execute a valid permanent surrender pursuant to R.C. 5103.15.
 {¶ 10} In sum, because the January 3, 2006 complaint, filed with the Clark County Juvenile Court invoked that court's exclusive original jurisdiction, the May 23, 2006 order of the Greene County Juvenile Court, requiring the Respondent to surrender T.J. to the Petitioner Adoption Link, is void for lack of jurisdiction. Further, because T.J.'s parents did not have custody of T.J. on April 24, 2006, the permanent surrender filed with the Greene County Juvenile Court on April 26, 2006, is likewise void.
 {¶ 11} Accordingly, because we hold that T.J. is not being unlawfully detained, Suver's motion to dismiss is GRANTED, and Adoption Link's petition for a writ of habeas corpus is DISMISSED.
SO ORDERED.
Brogan, Judge.
Grady, Presiding Judge.
Fain, Judge.