JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Lori Ann Szmania ("wife") appeals the trial court's denial of her motion to set aside the separation agreement and the court's adoption of the final judgment entry. She assigns the following errors for our review:
 "I. The trial court erred and abused its discretion in denying appellant's motion to set aside or modify separation agreement."
 "II. The trial court erred in denying appellant's motion to set aside or modify separation agreement and in adopting and incorporating the separation agreement into its judgment entry over appellant's objection without first finding the separation agreement to be fair, just, and equitable under the factors set forth in R.C. 3105.171."
 "III. The trial court erred in failing to conduct an evidentiary hearing on appellant's motion to set aside or modify separation agreement prior to enforcing it and incorporating it into its judgment entry of divorce."
 "IV. The trial court erred when it adopted the judgment entry submitted by the appellee over appellant's timely raised objection where such judgment entry differed from the judgment entry submitted to appellant for approval or rejection."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} The parties were married on June 6, 1998; no children were born as issue of the marriage. On December 23, 2005, Erik Lee Szmania ("husband") filed for divorce. After several continuances, a settlement conference was *Page 4 
conducted on June 21, 2007, at which the parties entered into a separation agreement.
 {¶ 4} Prior to the separation agreement being incorporated into the divorce decree, the wife hired a new attorney. The attorney filed a motion on July 27, 2007 to set aside or, in the alternative, to modify the separation agreement. The attorney argued that the division of the equity in the marital property did not consider the wife's separate property in the form of her down payment on the home and did not consider the husband's taking out a second mortgage on the home in order to pay for his own debts.
 {¶ 5} The wife's motion to set aside the agreement was unopposed. The trial court denied the motion on July 31, 2007 without conducting a hearing. The separation agreement was then incorporated into the divorce decree on August 2, 2007.
 Separation Agreement {¶ 6} We will address the wife's first three assigned errors together as they all concern the trial court's incorporation of the separation agreement into the divorce decree. The wife contends the trial court failed to determine whether the separation agreement was fair and equitable prior to incorporating it into the divorce decree, and that the court also failed to conduct a hearing to determine whether the agreement was fair and equitable. *Page 5 
 {¶ 7} The trial court's decision whether to enforce a settlement agreement is discretionary; therefore, we will reverse the trial court's decision only if it abused its discretion.[1] The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[2]
 {¶ 8} The wife contends the trial court was required, pursuant to R.C. 3105.10(B)(2), to determine whether the separation agreement was fair and equitable prior to incorporating the agreement into the divorce decree. We conclude the court does not have a duty to determine if the agreement is fair and equitable when the parties enter into an in-court settlement agreement. As this court held in Vasilikas v.Vasilikas[3]:
 "[W]here the parties to a divorce or separation enter into settlement through an agreed judgment entry, the law of contract applies. Dubinsky v. Dubinsky (Mar. 9, 1995), 1995 Ohio App. LEXIS 865, Cuyahoga App. No. 66439, 66440. See, also, Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St. 2d 36, 285 N.E.2d 324. Contracts, including settlement agreements, do not have to be fair and equitable to be binding and enforceable, so long as they are not procured by fraud, duress, overreaching or undue influence. Walther v. Walther (April 5, 1995), 102 Ohio App. 3d 378, 657 N.E.2d 332. *Page 6 See, also, Mack v. Polson Rubber Co. (1984), 14 Ohio St. 3d 34, 470 N.E.2d 902. In Walther, the court concluded as follows:
 "`Thus, when the parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has the discretion to accept it without finding it to be fair and equitable. Settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Spercel. Neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement. A party may not unilaterally repudiate a binding settlement agreement. Spercel. In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court may adopt the settlement as its judgment.'"[4]
 {¶ 9} There is no dispute the agreement in the instant case was the result of an in-court settlement. The wife, in-fact, stated in her affidavit attached to the motion to set aside that because the trial court participated in the settlement process, she thought the agreement was the result of a trial.
 {¶ 10} Thus, because this was an in-court settlement agreement, the court had the discretion to enforce the agreement without first finding it to be fair and equitable as long as there was no fraud, duress, overreaching or undue influence, or disagreement regarding the terms of the agreement. The wife does not allege *Page 7 
in her appellate brief that she entered into the agreement under duress, and at oral argument her attorney conceded he was not arguing the agreement was entered under duress.
 {¶ 11} We also conclude it was unnecessary for the trial court to conduct an evidentiary hearing based on the wife's dispute regarding the fairness of the settlement agreement. The wife cites to cases in support of this proposition, but admits those cases only pertain to settlement agreements that contain incomplete, ambiguous, or disputed terms. There are no such allegations in the instant case. The wife merely contends the division of the property, which she agreed to, was unfair. However, as we stated above, "contracts, including settlement agreements, can be unfair or favor one side, over the other as long as they are not procured by the fraud or duress."[5] Accordingly, the wife's first, second, and third assigned errors are overruled.
 Submitted Journal Entry {¶ 12} In her fourth assigned error, the wife claims the trial court erred by adopting the journal entry submitted by the husband because it was a different journal entry than the one he submitted for approval. *Page 8 
 {¶ 13} We conclude we do not have jurisdiction to review this assigned error as the evidence regarding the alleged difference between the final journal entry and the submitted journal entry is attached to the wife's motion for relief from judgment.
 {¶ 14} We granted a limited remand for the trial court to rule on the motion and extended the time for the ruling twice. The most recent extension was to January 14, 2008. The trial court failed to rule on the motion until March 11, 2008. Because the remand time had elapsed, the trial court did not have jurisdiction to issue its ruling because the case was again pending before this court.[6] As a result, the trial court's ruling is null and void. However, with the resolution of this appeal, the trial court regains jurisdiction to decide the pending motion. Accordingly, the wife's fourth assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and ANN DYKE, J., CONCUR
[1] Schneider v. Schneider (1996), 110 Ohio App.3d 487.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] (June 20, 1996), Cuyahoga App. No. 68763.
[4] Id.; see, also, Goulding v. Goulding, 11th Dist. No. 2007-T-0011, 2007-Ohio-6927; Gregory v. Gregory, 2nd
Dist. No. 2006 CA 15, 2007-Ohio-033.
[5] Walther v. Walther (1995), 102 Ohio App.3d 378, 383.
[6] Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.,70 Ohio St.3d 141, 147, 1994-Ohio-219 ("[A]n appeal divests trial courts of jurisdiction to consider Civ. R. 60(B) motions for relief from judgment"). *Page 1