McNeal, Appellant, *v.* Miami County Children's
Services Board, Appellee.

[Cite as *McNeal v. Miami Cty. Children's
Services Bd.* (1992), 64 Ohio St.3d 208.]

(No. 91–686—Submitted April 14, 1992—Decided July 22, 1992.)

*J. Richard Gaier Co., L.P.A.,* and *Tod A. Cyester,* for appellant.

*Jeffrey M. Welbaum,* Prosecuting Attorney, and *Janet R. Becht,* for appellee.

*Carol E. Greenwald, pro se,* guardian *ad litem.*

*Per Curiam.* We affirm the judgment of the court of appeals on the basis that McNeal had an adequate remedy at law through appeal.

In *In re Davis* (1985), 18 Ohio St.3d 226, 18 OBR 285, 480 N.E.2d 775, we affirmed earlier cases holding that habeas corpus may not be used as a substitute for appeal. The trial court's March 15, 1990 order granting temporary custody to the board was a final, appealable order, *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, and McNeal did appeal. App.R. 3(E) authorizes a court of appeals to allow the amendment of a timely filed notice of appeal "within its discretion and upon such terms as are just * * *." The June 7, 1990 entry substantively amended the March 15, 1990 order so that a review hearing on the temporary custody order of March 15, 1990 was put off for seven months. Therefore, McNeal could and should have been allowed to amend her notice of appeal, if amendment were necessary, to include that issue. Instead, she elected to file a new habeas corpus action.

We have allowed habeas corpus actions to proceed in child custody actions where appeal was not speedy enough. See *Marich v. Knox Cty. Dept. of Human Serv.* (1989), 45 Ohio St.3d 163, 543 N.E.2d 776. However, habeas corpus relief is the exception. *Marich* involved the permanent surrender of an infant, which made speedy resolution of utmost importance. In this case, McNeal bypassed an appeal she had already filed and initiated yet another case to seek relief. Under these circumstances, we find no reason to depart from the general rule that appeal is an adequate remedy at law.

Since McNeal had an adequate remedy at law through appeal, we affirm the decision of the court of appeals solely on that basis.[2]

*Judgment affirmed.*

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

---

2. The board's motion to dismiss the petition on various grounds is overruled.