OPINION
The instant case is a habeas corpus proceeding in which petitioner, Heidi L. Williams, seeks the issuance of an order requiring respondent, James M. Williams, to immediately relinquish custody of their minor child, Dustin Williams. For the following reasons, this Court concludes that such an order cannot be rendered because the allegations in the habeas corpus petition are insufficient to state a viable claim for relief. Specifically, we hold that the dismissal of the action is warranted because petitioner will be unable to prove that she lacks an adequate remedy at law.
In her petition before this Court, petitioner asserts that respondent presently has physical custody of Dustin Williams. Petitioner further asserts that his custody of the child is illegal because it violates a prior custody order of the Trumbull County Court of Common Pleas, Domestic Relations Division. In support of the latter assertion, petitioner alleges that: (1) in August 2000, the Trumbull County court, as the trial court in the underlying divorce action, issued a judgment in which it held that petitioner would be solely responsible for the care and custody of Dustin; (2) as part of that judgment, the trial court also granted respondent certain visitation rights with Dustin; (3) in March 2002, the trial court rendered a second judgment in which it amended respondent's visitation rights to include visitation during the summer; (4) in July 2002, the court issued a third judgment in which it held that respondent's summer visitation would end on August 5, 2002, and that he had to return custody of Dustin to petitioner by that date; (5) after filing a timely appeal from the July 2002 judgment, respondent obtained a stay of a non-custody order contained in that judgment; and (6) despite the fact that no stay was granted as to the August 5, 2002 deadline for returning Dustin, respondent still has custody of the child.
In considering factual allegations similar to the foregoing, this court has held that a writ of habeas corpus is not the appropriate remedy for the petitioner to pursue. In In re Pollis (Sept. 5, 1997), 11th Dist. No. 97-T-0139, 1997 Ohio App. LEXIS 4029, the petitioner-father alleged that the trial court had expressly ordered the respondents-maternal grandparents to return custody of the minor child to him. The petitioner-father further alleged that, even though the trial court's order had not been stayed, the respondents-maternal grandparents had still not relinquished custody. In ultimately concluding that these allegations were not sufficient to state a viable claim for relief, we began our analysis in Pollis by noting the following:
 "In the context of child custody cases, the Supreme Court of Ohio has held that a writ of habeas corpus will lie under extraordinary circumstances where the restraint of the child's liberty is unlawful and the parent lacks an adequate remedy of law. Barnebey v. Zschach (1995), 71 Ohio St.3d 588, 646 N.E.2d 152. As to the latter requirement, the Supreme Court has indicated that a remedy will not be considered `adequate' unless it is beneficial, complete, and speedy. Marich v. Knox Cty. Dept. of Human Serv. (1989), 45 Ohio St.3d 163; 165, 543 N.E.2d 776. Nevertheless, in determining whether an adequate remedy exists under any particular set of circumstances, the Supreme Court has consistently stated that the granting of "habeas corpus relief is the exception." McNeal v. Miami Cty. Children's Service Bd. (1992), 64 Ohio St.3d 208, 210, 594 N.E.2d 587.
 "In applying the foregoing authority, the appellate courts of this state have held that a motion before the trial court is usually an adequate remedy at law. See, e.g., Sproule v. Kordeleski (Apr. 12, 1995), 1995 Ohio App. LEXIS 1542, Lorain App. No. 94CA005931, unreported. Moreover, in cases in which a parent has sought custody under a prior order of the trial court, it has been held that a contempt motion or a motion to enforce is an adequate remedy at law. Bailey v. Cook (Jan. 29, 1986), Fairfield App. No. 36-CA-85, unreported; In re Estep (July 24, 1980), Franklin App. No. 79AP-876, unreported."
In light of the foregoing authority, this Court concluded in Pollis
that the petitioner-father had an adequate legal remedy through a contempt motion before the trial court. In support of this conclusion, we emphasized that a proper contempt motion could achieve the same result for the petitioner-father as a habeas corpus petition, in the same amount of time. Accordingly, since the Pollis petitioner had an adequate remedy at law, we dismissed his petition sua sponte under R.C. 2725.04.
In the instant case, petitioner asserts in his petition that respondent has appealed the July 2002 judgment. However, petitioner further asserts that respondent has not obtained a stay of the trial court's order concerning the return of Dustin to her; instead, only the trial court's order as to the transfer of jurisdiction over the underlying divorce action has been stayed. Under these circumstances, the trial court would have jurisdiction to enforce its order as to the return of Dustin. Thus, pursuant to Pollis, petitioner has an adequate legal remedy through a contempt motion before the trial court.
In her petition, petitioner contends that the issuance of a writ in this case is warranted under our decision in Timko-Gilson v. Timko
(Oct. 25, 1991), 11th Dist. No. 91-T-4597, 1991 Ohio App. LEXIS 5163. In that decision, we indicated that a writ of habeas corpus will lie if the petitioner can prove that the trial court lacked jurisdiction to render a new child custody order. However, that principle simply is inapplicable in the instant case because, unlike the petition in Timko-Gilson, the instant petition does not allege that the trial court lacked jurisdiction to order the return of Dustin. Stated differently, Timko-Gilson did not involve a situation in which the habeas corpus claim was based upon an alleged failure to comply with a valid custody order. Therefore, since the instant case is readily distinguishable from Timko-Gilson, this court concludes that the Pollis analysis is controlling in this instance.
Under R.C. 2725.04, a habeas corpus petition can be dismissed when the initial review of the petition shows that a viable claim for relief has not been stated. Pursuant to Pollis, this court holds that the instant petition cannot survive this initial review. Even when the allegations in the petition are construed in a manner most favorable to petitioner, they are legally insufficient to demonstrate that petitioner will be able to satisfy the requirement that she lacks an adequate legal remedy. Petitioner has such a remedy through a contempt motion before the trial court. Accordingly, as petitioner cannot satisfy all elements for a writ of habeas corpus, her petition is subject to dismissal.
In light of the foregoing analysis, it is the order of this court that petitioner's habeas corpus petition is hereby dismissed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.