IN the INTEREST OF TORRANCE P., a child under the age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

RAYMOND C., Respondent-Appellant.

IN the INTEREST OF MALLORY P., a child under the age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

RAYMOND C., Petitioner-Appellant.

Court of Appeals

*No. 94–0946. Submitted on briefs July 21, 1994.—Decided August 9, 1994.*

(Also reported in 522 N.W.2d 243.)

10

For the respondent-appellant the cause was submitted on the briefs of *George W. Hallstein* of Eau Claire.

For the petitioner-respondent the cause was submitted on the brief of *Carl T. Bahnson*, assistant corporation counsel and *Timothy J. Adler* of *Adler & LaFave* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J. Raymond C. appeals a trial court order terminating his parental rights (TPR) to Torrance P. and Mallory P. Raymond contends that the trial court erred by concluding that the Eau Claire County Department of Human Services made a diligent effort to provide court-ordered services to Raymond as required by § 48.415(2)(b), STATS., and by rejecting Raymond's contention that the Americans with Disabilities Act (ADA) does not apply to increase the County's duties under § 48.415(2)(b). Raymond argues that because he is developmentally disabled and unable to read, the County was required to do more than its ordinary procedures for helping parents to comply with court-ordered conditions for return of their children and to develop a plan for working with parents to reunite the family. Raymond asserts that the County violated the ADA by failing to reasonably accommodate his developmental disability, and that this failure to accommodate was a substantial factor resulting in the TPR order. Thus, Raymond argues, the County's failure to reasonably accommodate his developmental disability in violation of the ADA is a basis to set aside the TPR order.

We conclude that the County made a diligent effort to provide court-ordered services to Raymond as required by § 48.415(2)(b), STATS. We further conclude that an alleged violation of the ADA is not a basis to attack TPR proceedings. Rather, whether the County's efforts were sufficient under § 48.415(2)(b) must be determined in light of Raymond's disability. We therefore affirm the order.

---

[1] This is a three-judge decision pursuant to the Chief Judge's August 5, 1994, order.

Torrance and Mallory, pursuant to various CHIPS orders, have been in foster care continuously since August 1990. Raymond is the natural father of these children. Each time the children's placement outside Raymond's home was extended, the trial court imposed the following conditions upon Raymond: (1) Raymond will maintain contact with Torrance and Mallory, with contact as close as possible to every other week; (2) Raymond will maintain at least monthly contact with the children's social worker and keep the County informed of any changes in his status, including employment, household composition and address; and (3) Raymond shall maintain a residence suitable and adequate to meet the needs of those who reside there.

Raymond is developmentally disabled and is unable to read. Despite this disability, Raymond has a driver's license. While Barbara Holbrook, the social worker assigned to Raymond's case, knew that Raymond was "slow," she testified at the TPR hearing that Raymond never told her he could not read. Holbrook stated that she had eight to ten conversations with Raymond, mostly concerning his requests to have contact with his children. Holbrook further testified that she was aware of two contacts Raymond had with his children, and that since October 1990 Raymond had not visited his children and failed to show up at three visits he had arranged. Holbrook also stated that Raymond failed to fulfill the conditions imposed upon him under the various court orders, and particularly that Raymond failed to keep the County apprised of his address. Holbrook conceded that there was no case plan to help Raymond meet those conditions. Holbrook explained that she was often unable to facilitate Raymond's completion of the court-ordered conditions because Raymond failed to provide her with his current

address or telephone number. Holbrook indicated that she mailed all permanency planning and hearing notices to Raymond's last known address. Holbrook also wrote Raymond several letters requesting him to contact her. Holbrook was unable to telephone Raymond to ask him to come to her office because most of the time Raymond did not have a telephone number.

The trial court terminated Raymond's parental rights, based on its findings that Raymond substantially neglected the conditions established for the children's return, there was a substantial likelihood that Raymond will not meet the conditions in the future, Raymond abused alcohol until he received treatment in January 1993 and the County made a diligent effort to provide Raymond court-ordered services, which implicitly consisted of facilitating contact between Raymond and his children. Upon reconsideration, the trial court rejected Raymond's contention that the ADA increased the County's duties under § 48.415(2)(b), STATS.

Raymond contends that the trial court erred by finding that the County made a diligent effort to provide court-ordered services to Raymond. We will not disturb the court's finding unless it is clearly erroneous, and we defer to the court's credibility determinations. Section 805.17(2), STATS.

Under § 48.415(2), STATS., to demonstrate a continuing need of protection or services as a ground for TPR, the County must show by clear and convincing evidence that "the agency responsible for the care of the child and the family has made a diligent effort to provide the services ordered by the court" as well as several other factors. *See In re Baby Girl K.*, 113 Wis. 2d 429, 441, 335 N.W.2d 846, 852 (1983). We held in *In re D.P.*, 170 Wis. 2d 313, 331-32, 488 N.W.2d 133, 140

(Ct. App. 1992), that "diligent effort" means "reasonable, earnest and energetic effort." The pattern jury instruction provides: "The words 'diligent effort' mean that the department has acted reasonably, using ordinary and reasonable diligence, such as is customarily exercised by other departments under the same or similar circumstances. It requires an earnest and energetic effort." WIS J I CIVIL—7040.

Whether the County made a diligent effort to provide court-ordered services is a fact-sensitive inquiry that must consider the totality of circumstances as they exist in each case. *See D.P.*, 170 Wis. 2d at 331-32, 488 N.W.2d at 140. Here, the County's efforts to provide Raymond with court-ordered services must be examined in light of Raymond's limitations, including the fact that he could not read. The fact that the ADA may impose additional obligations on the County does not change our inquiry. The duty to make a diligent effort to provide court-ordered services is defined by the TPR statutes and not the ADA. The ADA does not increase those responsibilities or dictate how those responsibilities must be discharged. The purpose of this inquiry is to determine whether the County has met its burden of showing that it made a reasonable, diligent effort to provide court-ordered services. Thus, while Raymond's developmental disability must be considered in determining the reasonableness of the County's efforts, neither his disability nor the ADA changes the inquiry or the County's burden of proof under § 48.415(2), STATS.

Because the ADA does not affect our inquiry of whether the County made a diligent effort to provide Raymond with court-ordered services as required under § 48.415(2), STATS., we do not determine whether

15

the County reasonably accommodated Raymond's disability. That is a separate inquiry under the ADA, unrelated to the TPR proceedings. Congress enacted the ADA to eliminate discrimination against people with disabilities and to create causes of action for qualified people who have faced discrimination. *See* 42 U.S.C. § 12101(b). Congress did not intend to change the obligations imposed by unrelated statutes. Raymond may have a separate cause of action under the ADA based on the County's actions or inactions; such a claim, however, is not a basis to attack the TPR order.

We conclude the trial court's finding that the County made a diligent effort to provide services ordered by the court is not clearly erroneous. Holbrook, while unaware that Raymond could not read, knew Raymond was "slow." The County sent Raymond numerous letters telling him to contact the social worker. The record does not disclose that, because of Raymond's developmental disability, Raymond was unable to understand the nature of the correspondence the County sent to him. Nor does the record disclose that Raymond's inability to read deprived him of the opportunity to understand the correspondence because no one was available to read or explain the notices to him. Moreover, Holbrook had eight to ten verbal conversations with Raymond, mostly about Raymond's desire to contact his children. Finally, much of the County's inability to facilitate Raymond's completion of the court-ordered conditions is attributable to Raymond's failure to keep appointments he scheduled and his failure to keep the County informed of his current address and telephone number. We therefore uphold the trial court's finding that the County made an earnest and energetic effort to provide services to

16

Raymond and acted reasonably in light of Raymond's disability.

*By the Court.*—Order affirmed.