Cathy BURGESS; Elum Burgess; and Shela Burgess, Plaintiffs—Appellants,

v.

Larry CARMICHAEL, of CPS; Ellen Hartke, of CPS; Roger Lum, of CPS; the County of Alameda; the State of California, Health and Welfare Agencies; Judicial Council of California, (CWS Management Systems); Alame-

---

da County Courts, in Hayward and San Leandro; and the Alameda County Social Services, Children's Protective Service, Defendants—Appellees.

No. 99–17540.
D.C. No. CV–99–01167–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001 *.

Decided June 7, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before CANBY, GRABER and PAEZ, Circuit Judges.

### MEMORANDUM **

Plaintiffs Cathy Burgess, Elum Burgess, and Shela Burgess ("Plaintiffs") appeal from district court's dismissal with prejudice of their pro se civil rights complaint for failure to state a claim upon which relief could be granted. We determine, first, that Plaintiffs have alleged or attempted to allege facts which suggest that they could state claims of disability discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and 42 U.S.C. § 1983, and they accordingly must be given an opportunity to amend their complaint. We

also conclude, however, that certain claims against certain defendants are deficient in ways that cannot be cured by amendment, and we therefore affirm the dismissal of those claims.

### I.

The district court dismissed Plaintiffs' complaint without giving them an opportunity to amend and without providing notice of any deficiencies. Under these circumstances, the critical inquiry here is not whether the complaint was deficient, but whether there was any deficiency that could not be remedied by amendment. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir.1998). Indeed, in *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987), we held that a district court must not only give a pro se plaintiff leave to amend before dismissing the complaint with prejudice, but also notice of the deficiencies in his complaint to "ensure that the pro se litigant can use the opportunity to amend effectively."

 Although their complaint is confusing and inartful, it is nevertheless clear that Plaintiffs' core claim is one of disability discrimination in violation of the ADA and § 1983, and that they have attempted to allege the basic factual outline necessary to support it.[1] It is irrelevant here, where Plaintiffs have not been given notice and leave to amend, whether their complaint pleads insufficient facts to establish the essential elements of their claims, be-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Judicial Council argues that the ADA does not apply to child dependency proceedings. The cases that it cites, however, support only the proposition that the ADA does not preempt these proceedings and may not be used as a defense in them. *See, e.g., Cath-*

*erine P. v. Ngoc P. (In re Anthony P.)*, 84 Cal.App.4th 1112, 101 Cal.Rptr.2d 423, 425–26 (Ct.App.2000). Indeed, many of these cases recognize that a " 'separate cause of action [may lie] under the ADA based on the County's actions or inactions.' " *Id.* (quoting *State v. Raymond C. (In re Torrance P.)*, 187 Wis.2d 10, 522 N.W.2d 243, 246 (Wis.Ct.App. 1994)); *accord In re B.K.F.*, 704 So.2d 314, 318 (La.Ct.App.1997).

cause it is not "absolutely clear" that Plaintiffs could not cure this deficiency by amendment. *Noll*, 809 F.2d at 1448. We therefore conclude that, under these circumstances, the district court erred in dismissing Plaintiffs' complaint without giving notice of its deficiencies and leave to amend.

■ We also conclude that the district court erred in ruling that it would be futile to give Plaintiffs leave to amend because the complaint could not be amended to state a claim " 'without contradicting any of the allegations of the original complaint' " (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990)) (alteration omitted). The district court concluded that Plaintiffs' allegation that the individual County Defendants "took action against them based on [the] perception that Ms. Burgess is disabled rather than based on any conduct that endangered Elum and Shela," that the County had "an official policy and practice of initiating child dependency proceedings based on a perception that a parent has a disability rather than on a belief that a child is at risk," and that the 300(b) petition "allow[s] the County to seek jurisdiction over a child based on a conclusory allegation that the parent is disabled," were directly contradicted by the fact that Carmichael made allegations regarding Ms. Burgess's conduct in the 300(b) petition.

There is no incurable inconsistency, however, unless, contrary to the core allegations in the complaint,[2] we infer that Defendants were *actually* motivated by "conduct-based concerns." Because Plaintiffs are entitled to "the benefit of any doubt," *Karim–Panahi*, 839 F.2d at 623, and because the district court could have

reasonably interpreted Plaintiffs' complaint as alleging that Defendants' conduct-based concerns were pretextual, the district court erred in adopting an unfavorable and overly narrow interpretation.

## II.

With regard to some of the claims against certain defendants, however, there are deficiencies that cannot be cured by amendment.

### A. NO ADA LIABILITY AGAINST INDIVIDUAL DEFENDANTS

■ We affirm the district court's dismissal with prejudice of Plaintiffs' claims against Larry Carmichael, Ellen Hartke, and Roger Lum (collectively "the Individual Defendants") for claims for violations of the ADA. Plaintiffs may sue only a "public entity" for such violations, not government officials in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1155–56 (9th Cir.2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8, 1011–12 (8th Cir.1999) (en banc).

### B. NO § 1983 LIABILITY AGAINST STATE ACTORS

■ We also affirm the district court's dismissal with prejudice of any claims Plaintiffs seek to raise against the State of California Health and Welfare Agencies and the Judicial Council of California (collectively "the State Defendants") and the Alameda County Courts in Hayward and San Leandro ("County Courts") under § 1983. States and state agencies are not "persons" subject to § 1983 liability. *Groten v. California*, 251 F.3d 844, 851 (9th Cir.2001). Neither are county courts in California, which we have recognized are "arms of the state," and therefore equiva-

---

**2.** Plaintiffs also alleged that "the real reason for the filing of the petition was because Carmichael wished to use his position to maliciously prosecute Cathy based on a disabili-

ty," and that Carmichael "lied, and misused codes and labels" and "willfully misrepresented the facts of the case to the Courts."

lent to state agencies.[3] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that "'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987) (holding that state courts are arms of the state for Eleventh Amendment purposes).

## C. NO LIABILITY FOR STATE DEFENDANTS' MERE DRAFTING OF 300(B) FORM

▮ In addition, we affirm the dismissal with prejudice of Plaintiffs' ADA claims against the State Defendants to the extent that they are based on the State Defendants' responsibility for drafting the form used to initiate child dependency proceedings, because the form does not, as a matter of law, violate the ADA. To the extent that Plaintiffs' complaint can be amended to state a claim based on allegations that the State Defendants are responsible for some discriminatory use of the form, the district court erred in not giving Plaintiffs notice of the deficiencies of their complaint and leave to amend.

## D. ABSOLUTE IMMUNITY BAR TO SOME § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

▮ We also affirm the dismissal without prejudice of Plaintiffs' § 1983 damages claims against Carmichael, Hartke, and Lum to the extent that those claims are predicated on actions that these individuals took "in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings," actions which we have held are entitled to quasi-prosecutorial immunity. *Meyers*, 812 F.2d at 1157; *accord Mabe*, 237 F.3d at 1109; *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 762–64 (9th Cir.1987) (discussing *Meyers*). To the extent that Plaintiffs' complaint can be amended to state a claim based on alleged conduct that is not "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the district court erred in not giving Plaintiffs notice of the deficiencies of their complaint and leave to amend.[4] In addition, quasi-prosecutorial immunity cannot bar either the claims against the institutional defendants, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), or the claims for injunctive and declaratory relief that Plaintiffs could allege in an amended complaint, *see Gobel v. Maricopa County*, 867 F.2d 1201, 1203 n. 6 (9th Cir.1989), *abrogated on other grounds by Merritt v. County of Los Angeles*, 875 F.2d 765 (9th Cir.1989).

### III.

We reject all the remaining arguments that Defendants advance in support of affirming the district court's judgment.

---

**3.** The argument that CPS and individual CPS employees are arms of the state is foreclosed by *Meyers v. Contra Costa County Dep't of Soc. Servs.*, 812 F.2d 1154, 1159 (9th Cir.1987), and *Mabe v. San Bernardino County Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir.2001), which indicate that county social services agencies in California are subject to suit under § 1983.

**4.** "Investigatory or administrative functions, [for example], generate only qualified immunity," *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999), as does all other conduct that is "not that of an advocate." *Meyers*, 812 F.2d at 1157. To the extent that liability is predicated on testimony given during child dependency proceedings, social workers are generally entitled to absolute immunity. *Id.* at 1156. But "complaining witnesses who wrongfully bring about a prosecution generally are not." *Harris v. Roderick*, 126 F.3d 1189, 1198 (9th Cir.1997).

## A. INABILITY OF MS. BURGESS TO PROCEED PRO SE ON HER CHILDREN'S BEHALF

The County Defendants argue that the panel should affirm the district court's dismissal because our ruling in *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir.1997), provides that Ms. Burgess may not proceed on behalf of her children without a lawyer. Although *Johns* does so hold, *id.* at 876–77, dismissal with prejudice is not the appropriate response because the Burgess children should not be prejudiced by Ms. Burgess's failure to retain a lawyer, *see id.* at 877 (" '[T]he infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him.' " (quoting *Osei–Afriyie v. Med. Coll.*, 937 F.2d 876, 883 (3d Cir.1991))).

## B. SUIT AS AN IMPROPER COLLATERAL ATTACK ON A STATE COURT JUDGMENT

We also reject the County Defendants' argument that Plaintiffs improperly seek review of a state court judgment in federal court in violation of the *Rooker–Feldman* doctrine. *See generally Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). *Rooker–Feldman* does not apply here because there is no support for the County Defendants' contention that Plaintiffs "in essence ... ask[ ] this Court to substitute its judgment for that of the California Superior Court." Indeed, Ms. Burgess prevailed in the particular state court proceeding at issue here because the state court dismissed the 300(b) petition without prejudice. Furthermore, Plaintiffs' core factual allegations primarily address general policies and practices of the County

Courts, not the disposition of Ms. Burgess's particular case.

For similar reasons, the abstention arguments that County Defendants raise are inapposite. Because the child dependency proceeding was resolved in Ms. Burgess's favor, there is no longer a "pending state action[ ] in which [Plaintiffs] could bring [their] constitutional claims." *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir.1987).

## C. ELEVENTH AMENDMENT IMMUNITY

Eleventh Amendment Immunity does not bar Plaintiffs' claims under Title II with respect to any Defendant because we have held that Congress validly abrogated the States' sovereign immunity in passing Title II of the ADA. *Hason v. Med. Bd.*, 279 F.3d 1167, 1170–71 (9th Cir.2002) (holding that the Supreme Court's decision in *Board of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), did not overrule Ninth Circuit precedent holding that Congress had validly abrogated sovereign immunity in passing Title II).

## IV.

We also reject Plaintiffs' alternative argument for outright reversal—that the district court may have relied on extrinsic evidence presented in two requests for judicial notice. This argument has no merit because the district court did not grant the requests and Plaintiffs admit that there is no indication that the district court in fact relied on any evidence presented in the requests.

## V.

For the reasons set forth above, we AFFIRM the district court's dismissal with prejudice of 1) Plaintiffs' ADA claims against the Individual Defendants—Carmi-

chael, Hartke, and Lum; 2) their § 1983 claims against the State Defendants and the County Courts; 3) their ADA claims against the State Defendants to the extent that they are predicated on the State Defendants' actions in drafting the form used to initiate child dependency proceedings; and 4) their § 1983 claims against Carmichael, Hartke, and Lum, to the extent that they are predicated on actions taken by these individuals in performing quasi-prosecutorial functions.

With respect to the remaining claims, we REVERSE the district court's judgment of dismissal and REMAND to the district with instructions 1) to give Ms. Burgess an opportunity to retain counsel for her children; and 2) to notify Plaintiffs of the deficiencies in their complaint and give them leave to amend it.

AFFIRMED in part, REVERSED in part, and REMANDED. Parties shall bear their own costs on appeal.