[Cite as *State ex rel. E.S.B. v. B.E.B.*, 2011-Ohio-2797.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 95940 and 95941**

## STATE OF OHIO EX REL.,
## E.S.B.

RELATOR

vs.

## B.E.B., ET AL.

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Habeas Corpus
Motion No. 439731
Order No. 444533

**RELEASE DATE:** June 7, 2011

**ATTORNEY FOR RELATOR**

William T. Wuliger
The Brownell Building
1340 Sumner Avenue
Cleveland, OH    44115


**ATTORNEYS FOR RESPONDENT B.E.B.**

Joseph G. Stafford
Gregory J. Moore
Stafford & Stafford Co., L.P.A.
The Stafford Building
2105 Ontario Street
Cleveland, Ohio    44115


**FOR RESPONDENT R.M.**

R.M., Pro Se
Executive Director
Outback Therapeutic Expeditions
50 North 200 East
Lehi, UT    84043


**GUARDIAN AD LITEM FOR E.S.B.**

Barbara Belovich, Esq.
Kronenberg & Belovich Law, LLC
635 West Lakeside Avenue, Suite 605
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶ 1} The named petitioner in this case is the son of Dr. B.E.B. and Dr. L.J.F. (hereinafter the court will refer to the parties, unless otherwise specified, as "the son," "the father," and "the mother," respectively.)[1] On October 29, 2010, in court of appeals Case No. 95940, the son commenced a habeas corpus action against his father and the director of Outback Therapeutic Expeditions located in Utah. In court of appeals Case No. 95941, the son commenced a separate action for an alternative writ of habeas corpus.[2] The gravamen of these habeas actions is that the father has placed the son in a Utah "boot camp" school in violation of court orders; thus, he is being unlawfully "held" or restrained of his liberty. The son seeks the writ of habeas corpus to release him from custody and deliver him to the possession of his mother.[3]

---

[1] Pursuant to practice and policy, this court does not identify the parties, the children, victims, or witnesses in juvenile cases.

[2] This is an unusual procedure. Usually, a party seeks an alternative writ through a motion or application in the general writ case.

[3] William Wuliger, the lawyer bringing these habeas corpus actions for the son, is also the attorney for the mother. In the underlying divorce case, Cuyahoga County Common Pleas Court, Domestic Relations Division, Case No. DR-01-279920, the domestic relations court in April 2009, appointed Barbara Belovich as guardian ad litem and attorney for the son at least in the domestic relations action. Subsequently, on September 22, 2010, the court appointed Rebecca Blair as an additional guardian ad litem and attorney for the son at least in the domestic relations action. Wuliger filed a notice of substitution of counsel for the son in an underlying domestic relations case on August 9, 2010. The father, Belovich, and Blair all dispute the propriety and authority of Wuliger to act as attorney for the son because of the domestic relations court's orders and the ability of a minor to enter into contracts. Wuliger replies that the domestic relations court orders only apply to the domestic

**{¶ 2}** The father filed a motion to dismiss both cases. Because this motion included matters outside of the pleadings, this court converted the motion to dismiss to a motion for summary judgment. Additionally, the son's first guardian ad litem, Barbara Belovich, also moved for summary judgment. The son's second guardian ad litem, Rebecca Blair, filed a brief in opposition to the writ of habeas corpus.[4] The son filed briefs in opposition to all three filings. Accordingly, this matter is ripe for disposition. After reviewing all of the pleadings, motions, briefs, and the material accompanying them, this court grants the father's and the first guardian ad litem's motions for summary judgment and denies the application for a writ of habeas corpus and the application for an alternative writ.[5]

**{¶ 3}** In the underlying case, the 2004 divorce decree included a shared parenting plan which provided, in pertinent part, as follows: "A. Parties shall have shared parenting obligations for their minor children. In agreeing to do so, they each recognize that both possess the full obligation for the care and education of the children. The parties believe that they can continue to consult with each other in order to make the necessary decisions

---

relations court's cases and do not prohibit him from representing the son in other matters and that a minor may enter into voidable contracts. However, Wuliger has not presented, even under seal, a retainer agreement or written contract with the son. This court notes the issue of the propriety of Wuliger's representation of the son, but does not decide that issue.

[4] In March 2011, Blair was withdrawn from the case.

[5] Although the director of the Utah school has not filed an answer, motion, or otherwise appeared, the denial of the application for a writ of habeas corpus applies to all claims against all parties, including the director.

regarding the children's best interests. B. In the event that the parties cannot agree on a specific matter regarding the minor children, the Father's decision on the issue shall control; and the Father shall have the final decision-making authority on all issues. C. Father shall be the primary possessory parent and shall be the residential parent for school purposes."[6] The shared parenting plan also provided for possession time for the mother.

{¶ 4} On February 17, 2009, the mother filed a motion to modify parental rights and child support. The father sent the son to a boarding school in Connecticut for the 2009-2010 academic year. The domestic relations court, through a magistrate, held a full and extensive evidentiary hearing on the motion to modify custody and child support. From late October 2009 until late December 2009, the magistrate conducted 14 days of hearing; additionally, the magistrate interviewed the son in late January 2010. As shown by the 29-page decision, issued on June 17, 2010, the magistrate fully and fairly considered the facts and issues in this case, including the son's academic and social difficulties, his personality, his lying, his expressed wishes, the parents' different views on what the son's schooling should be, the allegations of bullying and physical altercations at the boarding school, the reputation of the school, the actions of the parents, the involvement of the mother's business partner in the son's life, his relationship with his sister, and the recommendation of the guardian ad litem.

---

[6] At the time the father and the mother also had a minor daughter who has since reached the age of majority.

{¶ 5} The magistrate denied the mother's motion to modify custody. She found that the mother and her business partner made a series of poor decisions relating to the son, including improperly removing him from the boarding school and then secluding him from the father for awhile. Specifically, the magistrate ruled that "it is not in the best interest of [the son] that his mother * * * be designated his primary residential parent pursuant to the shared parenting plan or residential parent and legal custodian. The magistrate finds that [the mother]'s actions have been anything but in the best interests of her minor child." (Magistrate's order, pg. 24.) Additionally, the magistrate found that the father's enrolling of the son in boarding school was not a willful denial of the mother's parenting time with the son and that the terms of the shared parenting plan permitted the father to make the decision regarding the son's school placement. The mother timely objected to the magistrate's report.

{¶ 6} In the summer of 2010, the son went missing while in the mother's care. It is not certain whether the son secluded himself or did so with the aid of the mother. The father brought a domestic violence petition against the mother in an effort to obtain custody of the son. Cuyahoga County Common Pleas Court, Domestic Relations Division Case No. DV-10-333284. The trial court granted the order and allocated all parental rights and responsibilities to the father and threatened to jail the mother until the son returned. The son did return, and the father then enrolled him in the Utah school. On October 7, 2010,

Wuliger, apparently on behalf of the son, filed an emergency motion for the immediate return of minor child in the underlying case.

{¶ 7} On February 9, 2011, the domestic relations court issued several orders as shown by the docket in the underlying case. First, it vacated its order appointing Belovich as attorney for the son, and appointed Joseph McCafferty as counsel for the son; Belovich continued as guardian ad litem. In its second order, the court adopted the magistrate's June 17, 2010 decision in its entirety and overruled the mother's objections. The court specifically denied the mother's motion to modify allocation of parental rights and denied the motion for immediate return of child. On March 11, 2011, Joseph McCafferty, on behalf of the son, filed Cuyahoga County Court of Appeals Case No. 96520 appealing the decisions of the trial court. The parents have also appealed the court's rulings. Cuyahoga County Court of Appeals Case No. 96513.

{¶ 8} The Supreme Court of Ohio in *Howard v. Catholic Social Servs. of Cuyahoga County, Inc.*, 70 Ohio St.3d 141, 1994-Ohio-219, 637 N.E.2d 890, reviewed the principles of habeas corpus in child custody cases. The court first noted that R.C. 2725.05 provides: "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." Thus,

generally nonjurisdictional challenges preclude the issuance of a writ of habeas corpus. Moreover, habeas corpus is an extraordinary remedy and is not available when there is an adequate remedy in the ordinary course of the law. Habeas corpus may not be used as a substitute for appeal. *Luchene v. Wagner* (1984), 12 Ohio St.3d 37, 39, 465 N.E.2d 395 and *In re Piazza* (1966), 7 Ohio St.2d 102, 218 N.E.2d 459. Nevertheless, there may be extreme circumstances in child custody cases which would warrant intervention through habeas corpus. For example, in *Marich v. Knox Cty. Dept. of Human Servs./Children Servs. Unit* (1989), 45 Ohio St.2d 163, 543 N.E.2d 776, the court upheld habeas relief when the state had used undue influence to secure a newborn infant for adoption from a 15-year-old mother.

{¶ 9} In the instant case, there is no doubt that the domestic relations court had jurisdiction to issue the divorce decree and incorporate the shared parenting plan which empowered the father to make all final decisions on the son's schooling and to issue the protective order allocating all parental rights to the father. Thus, the father was acting within the power the court gave him when he enrolled the son in the Utah school. Thus, the son is "in custody" pursuant to an order of a court having jurisdiction to make the order. Thus, habeas corpus does not lie.

{¶ 10} Moreover, there are adequate remedies at law which preclude the issuance of the writ. The filing of proper motions in the underlying case and appeal, if necessary, are such

remedies. Indeed, those remedies are being pursued by all the parties in the underlying case.

{¶ 11} This case presents a contentious custody battle. The domestic relations court conducted a full and comprehensive trial of the matter, and the case is now before this court on appeal on a full record. That is the proper remedy for this case.

{¶ 12} Accordingly, this court denies the application for a writ of habeas corpus and for an alternative writ of habeas corpus. Parties are to bear their own costs. The court directs the clerk of court of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, J., CONCUR