COURT OF APPEALS
DECISION
DATED AND FILED

December 27, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP1726**

Cir. Ct. No.  **2018TP8**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO N. H. R.,
A PERSON UNDER THE AGE OF 18:

ADOPTIONS OF WISCONSIN, INC.,

   PETITIONER-RESPONDENT-CROSS-APPELLANT,

 V.

N. R. K.,

   RESPONDENT-APPELLANT-CROSS-RESPONDENT.

---

APPEAL and CROSS-APPEAL from orders of the circuit court for Outagamie County:   JOHN A. DES JARDINS, Judge.   *Order affirmed; cross-appeal dismissed.*

¶1    SEIDL, J.[1] Noah appeals a circuit court order terminating his parental rights to his daughter, Natalie, based on the petition of an organization called Adoptions of Wisconsin, Inc.[2] Noah argues the court erred by determining that grounds exist for the termination of his parental rights due to his failure to assume parental responsibility under WIS. STAT. § 48.415(6). Adoptions of Wisconsin cross-appeals, asserting: (1) the court erred in reopening the termination of parental rights (TPR) case to allow Noah to contest the termination of his parental rights; and (2) the court erred in determining that Adoptions of Wisconsin failed to prove that grounds existed to terminate Noah's parental rights due to his abandonment of Natalie under § 48.415(1).

¶2    We agree with the circuit court's determination that Noah failed to assume parental responsibility for Natalie. Therefore, we affirm the order terminating his parental rights to her. Because we affirm the TPR order on this ground, we need not address the issues Adoptions of Wisconsin raises in its cross-appeal. Accordingly, we dismiss the cross-appeal.

## BACKGROUND

¶3    Noah and Kristin were unmarried but in a relationship when Noah learned that Kristin was pregnant with their child in June 2017. Noah knew that the child's approximate due date was at the end of January 2018. Noah and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] For ease of reading, we use pseudonyms to refer to the parents and their child. *See* WIS. STAT. RULE 809.19(1)(g).

Kristin ended their relationship in October 2017, and they tried unsuccessfully to reconcile in November 2017. After November 2017, Noah and Kristin had no contact with each other.

¶4      Natalie was born on January 17, 2018. Shortly thereafter, Kristin placed Natalie with an adoptive family. On January 30, 2018, Adoptions of Wisconsin petitioned to terminate Kristin's parental rights, to which she consented.[3] Adoptions of Wisconsin also petitioned to terminate the parental rights of Natalie's genetic father, whose exact identity was unknown to Adoptions of Wisconsin at the time. The TPR petition listed neither Noah's last name nor his address because Kristin told Adoptions of Wisconsin that she did not know this information. Consequently, the circuit court ordered that notice of the TPR hearing be published in newspapers of cities where Noah may have resided. Adoptions of Wisconsin would later discover, however, that Kristin had purposefully withheld knowledge of Noah's last name.

¶5      The initial TPR hearing was held on February 26, 2018. The circuit court terminated Kristin's parental rights and the parental rights of any unknown birth fathers.

¶6      On April 16, 2018, Noah, pro se, initiated paternity proceedings in Winnebago County and filed a declaration of his paternal interest in Natalie there. At a subsequent hearing in Winnebago County on June 27, 2018, Noah learned that his parental rights to Natalie had been terminated. He also learned that Adoptions of Wisconsin had guardianship over Natalie pending her adoption.

_____

[3] The parental rights of Natalie's mother, Kristin, are not at issue in this appeal.

3

Because Noah had no parental rights to Natalie at the time of the hearing, the Winnebago County circuit court dismissed Noah's paternity case.

¶7      On July 5, 2018, Noah filed an affidavit and other supporting documents in the Outagamie County circuit court requesting that a paternity test be arranged and that Natalie's adoption not be finalized before the paternity test occurred. The court construed Noah's filings as a motion to reopen the case, and it held a hearing on the matter on July 18, 2018. The court granted Noah's requests and ordered the case "reopened" for the limited purpose of determining whether Noah was Natalie's genetic father. The court also ordered that Natalie's adoption be delayed pending the paternity test. A paternity test subsequently proved that Noah was Natalie's genetic father.

¶8      The circuit court held a review hearing on August 29, 2018. Noah appeared pro se, and both Natalie's guardian ad litem and Adoptions of Wisconsin argued against reopening the case. In a written decision and order, the court vacated the February 26, 2018 TPR orders and reopened the case. The court concluded that Kristin "unnecessarily complicated this case" when she failed "to provide more information about [Noah] than his first name and physical description" to Adoptions of Wisconsin when it initially petitioned for TPR in January 2018.

¶9      On October 5, 2018, Adoptions of Wisconsin filed amended TPR petitions alleging that grounds existed to terminate Noah's parental rights under WIS. STAT. § 48.415(1), abandonment, and § 48.415(6), failure to assume parental responsibility. Noah contested the termination of his parental rights. Kristin again consented to the termination of her parental rights. Noah then retained counsel,

and on November 16, 2018, he moved for a formal adjudication of paternity, which the circuit court later granted.

¶10    On December 10, 2018, Adoptions of Wisconsin moved for partial summary judgment on both of the petitioned grounds.  The circuit court denied Adoptions of Wisconsin's motion, and on January 16, 2019, the court held a fact-finding hearing on the grounds phase of the TPR proceedings.

¶11    Thereafter, the circuit court issued a written decision and order concluding that Noah had failed to assume parental responsibility of Natalie and that grounds existed to terminate his parental rights under WIS. STAT. § 48.415(6). The court found that even though the prior February 2018 TPR order terminated Noah's parental rights, it "did not prevent him from continuing to seek a relationship with [Natalie.  This is especially so in this case when [Noah] was not aware that his rights had been terminated until his paternity action in Winnebago County was dismissed in June 2018."  The court further found that

> [e]ven if the Court does only consider [Noah]'s actions after [this case was reopened on] September 21, 2018, [Noah] has failed to show that he has assumed parental responsibility over [Natalie].  While [Noah] has asserted his rights to [Natalie,] he has made no effort to communicate with her or her caregivers.  He has not inquired about her daily care or possible needs.  He has provided no support since he broke up with [Kristin].  As the GAL stated in his recommendations, [Noah]'s efforts have been "limited at best."

¶12    The circuit court acknowledged that Noah took some steps to prepare for Natalie's birth and for reunification if his rights were not terminated.  Nonetheless, it found that

> [a]ll of [Noah]'s activities have been along the lines of waiting for [Natalie] to be given to him.  He has not actively sought his daughter out to pursue a parental

> relationship with her. Because of [Noah]'s inaction, the Court cannot find that he accepted and exercised "significant responsibility for the daily supervision, education, protection and care" of [Natalie].

The court, however, found that Adoptions of Wisconsin had failed to prove that Noah abandoned Natalie as defined by statute.

¶13 A dispositional hearing was held on March 29, 2019. The circuit court determined that terminating Noah's parental rights to Natalie was in her best interest. Accordingly, the court entered an order terminating Noah's parental rights, which he now appeals. Adoptions of Wisconsin cross-appeals, alleging that the court erred in reopening the TPR case and in finding that Noah had not abandoned Natalie. Additional facts are provided below.

## DISCUSSION

¶14 The sole argument Noah raises on appeal is that the circuit court erred at the grounds phase by concluding that he failed to assume parental responsibility of Natalie under WIS. STAT. § 48.415(6). The interpretation of § 48.415(6) and the application of that statute to a given set of facts are questions of law that we review independently. *Tammy W-G. v. Jacob T.*, 2011 WI 30, ¶16, 333 Wis. 2d 273, 797 N.W.2d 854. However, we will not set aside a circuit court's factual finding unless it is clearly erroneous, and we defer to the court on its credibility determinations. *State v. Raymond C.*, 187 Wis. 2d 10, 14, 522 N.W.2d 243 (Ct. App. 1994). The circuit court, not the appellate court, resolves conflicts in the testimony, and we review the evidence in the light most favorable to the findings made by the circuit court. *Tang v. C.A.R.S. Prot. Plus, Inc.*, 2007 WI App 134, ¶19, 301 Wis. 2d 752, 734 N.W.2d 169.

¶15    Failure to assume parental responsibility is "established by proving that the parent or the person or persons who may be the parent of the child have not had a substantial parental relationship with the child."  WIS. STAT. § 48.415(6)(a).  Paragraph (b) defines a "substantial parental relationship" as:

> [T]he acceptance and exercise of significant responsibility for the daily supervision, education, protection and care of the child.  In evaluating whether the person has had a substantial parental relationship with the child, the court may consider such factors, including, but not limited to, whether the person has expressed concern for or interest in the support, care or well-being of the child, whether the person has neglected or refused to provide care or support for the child and whether, with respect to a person who is or may be the father of the child, the person has expressed concern for or interest in the support, care or well-being of the mother during her pregnancy.

Sec. 48.415(6)(b).  Adoptions of Wisconsin, as the TPR petitioner, has the burden of proving Noah's failure to assume parental responsibility by clear and convincing evidence.  *See* WIS. STAT. § 48.31(1).

¶16    In *Tammy W-G.*, our supreme court explained that "a fact-finder must look to the totality-of-the-circumstances to determine if a parent has assumed parental responsibility."  *Tammy W-G.*, 333 Wis. 2d 273, ¶22.  Specifically, the fact-finder should consider a parent's actions throughout the entirety of the child's life, which includes the time when the child was in utero.  *Id.* & n.7.  The fact-finder should also consider the "reasons why a parent has not supported or cared for" the child.  *Id.*, ¶32.

¶17    The circuit court's findings of fact are not clearly erroneous.  It found that Noah demonstrated some willingness to assume parental responsibility prior to Natalie's birth, such as by accompanying Kristin to doctor's visits and preparing his home for Natalie's arrival.  *See id.*, ¶22 & n.7.  The court also

7

acknowledged that Kristin created some barriers for Noah to be involved in Natalie's life. *See id.*, ¶32. Kristin consistently failed to respond to Noah's communications to her, and her untruthfulness about knowing Noah's last name when the original TPR petitions were filed in January 2018 hindered his ability to contest the original TPR petition.

¶18     Nonetheless, the circuit court found that Noah had only "asserted his rights to" Natalie instead of making an effort to communicate with Natalie or her caregivers after Natalie's birth. Noah's actions were "along the lines of waiting for [Natalie] to be given to him. He has not actively sought his daughter out to pursue a parental relationship with her." Further, the court found that Noah's efforts have been "limited at best"—he did not inquire about Natalie's daily care or possible needs, and he had not supported Kristin after October 2017 while she was pregnant with Natalie. The record supports the court's findings of fact, and we therefore conclude that the court's findings of fact are not clearly erroneous.

¶19     Noah argues that "it was clearly erroneous [for the circuit court] to conclude that [Adoptions of Wisconsin] established by clear and convincing evidence that [Noah] had failed to assume parental responsibility." For support, he cites to favorable facts in the record or from his testimony in an attempt to argue that he acted "with reasonable diligence" in locating Natalie after her birth so that he could become involved in her life. Noah's argument, however, is flawed because he relies primarily upon facts not found by the court. This is problematic because he makes no discernible argument that the court's *factual findings* were clearly erroneous. Instead, Noah argues that the court's *conclusion of law* is clearly erroneous, but that is the incorrect standard of review. We review independent of the circuit court whether a TPR petitioner established by clear and convincing evidence the ground it petitioned for, *Tammy W-G.*, 333 Wis. 2d 273,

¶16, while relying upon the circuit court's findings of historical fact, ***Raymond C.***, 187 Wis. 2d at 14. For these reasons, Noah's argument lacks merit.

¶20 Upon our independent review of the facts as found by the circuit court, we conclude the court properly determined that Noah failed to assume parental responsibility of Natalie because he lacked an "acceptance and exercise of *significant* responsibility for the *daily* supervision, education, protection and care" of her. *See* WIS. STAT. § 48.415(6)(b) (emphasis added); *see also* ***Tammy W-G.***, 333 Wis. 2d 273, ¶25. Accordingly, we affirm the TPR order terminating his rights to her. We dismiss Adoptions of Wisconsin's cross-appeal because we affirm the court's decision to terminate Noah's parental rights. *See **Sweet v. Berge***, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (observing that an appellate court needs only to resolve dispositive issues).

*By the Court.*—Order affirmed; cross-appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

9