**[Cite as *B.R.K. v. Goldberg*, 2022-Ohio-1243.]**

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| B.R.K., | : | |
| Petitioner, | : | |
| | | No. 111171 |
| v. | : | |
| JUDGE FRANCINE GOLDBERG, | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** April 8, 2022

Writ of Habeas Corpus
Motion No. 552413
Order No. 553205

*Appearances:*

B.R.K., *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} On December 30, 2021, the petitioner, B.R.K. (hereinafter the "Father")[1] commenced this habeas corpus action against the respondent, Judge Francine Goldberg of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas. He argues that the judge is depriving him of his custodial liberties concerning his daughter. Thus, he seeks the dismissal of the July 14, 2021 restraining order in the underlying case, *K.K. v. B.R.K.,* Cuyahoga D.R. No. DR-21-383880, and the July 19, 2021 domestic violence civil protection order in the underlying case, *K.K. v. B.R.K.,* Cuyahoga D.R. No. DV-21-386182. On February 8, 2022, the respondent judge moved to dismiss this action. Father filed his brief in opposition on February 15, 2022, and the judge filed a reply on February 22, 2022. For the following reasons, this court grants the motion to dismiss and dismisses the petition for a writ of habeas corpus.

**FACTUAL BACKGROUND**

{¶ 2} Father and K.K. (hereinafter "Mother") were married and had one daughter in February 2015. In January 2021, Mother filed for divorce in DR-21-383880. On July 14, 2021, the domestic relations court ordered "that all parenting time of [Father] is suspended pending further order of this court. It is further ordered that [Father] shall have no contact with [Mother] or the minor child

---

[1] Pursuant to practice and Loc.App.R. 13.2, this court protects the identities of children. This may include not naming individuals through whom it would be possible to identify children.

pending further order of the court. * * *"[2]  On July 19, 2021, Mother also filed a petition for domestic violence, D.R. No. DV-21-386182, and the domestic relations court issued a domestic violence protection order the same day that prohibited Father from any contact with Mother and the daughter.  From the materials before this court, it is not clear why the domestic relations court issued these orders.  Father, in his filings, indicates that perhaps some of his remarks were misinterpreted as seeking to do harm to his daughter.

**FATHER'S ARGUMENT**

{¶ 3}   Father pleads that his daughter is the love of his life and that he has been an excellent father assuming most of the parental responsibilities.  He continues that Mother has used his love for their daughter to manipulate him and to obtain whatever she wants, by threatening to deprive him of the daughter.  The fear that Mother might take his daughter away from him has caused him severe mental distress such that he has been diagnosed with post-traumatic stress disorder ("PTSD").  Father further alleges that the proceedings in issuing the restraining orders were unfair because the respondent judge placed undue weight on the guardian ad litem's opinion.  Father alleges that the guardian ad litem did not listen to him and yelled and mocked his religious beliefs.  Father further asserts that depriving him of access to his daughter harms the daughter.

---

[2] The docket in the divorce case shows that trial is scheduled for April 18, 2022.

**{¶ 4}** Father argues that the restraining orders deprive him of his constitutional and parental liberties and to the custody of his daughter. Furthermore, the respondent judge, in issuing and maintaining the restraining orders, has failed to make an accommodation for his PTSD disability and, thus, violated the Americans with Disabilities Act. The remedial accommodation would be to restore visitation or custody to Father. Finally, he argues that restoring visitation or custody to the loving father would be in the best interests of the daughter, which is always the gravamen of an action concerning a child. Accordingly, he seeks a writ of habeas corpus to dissolve the restraining orders or have custody of the daughter.

**DISCUSSION OF LAW**

**{¶ 5}** The Supreme Court of Ohio in *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.,* 70 Ohio St.3d 41, 1991-Ohio-219, 637 N.E.2d 890, reviewed the principles of habeas corpus in child custody cases. The court first noted that R.C. 2725.05 provides:

> If it appears that a person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed.

**{¶ 6}** Thus, generally nonjurisdictional challenges preclude the issuance of a writ of habeas corpus. Moreover, habeas corpus is an extraordinary remedy and is not available when there is an adequate remedy in the ordinary course of the law.

Habeas corpus may not be used as a substitute for appeal. *Luchene v. Wagner,* 12 Ohio St.3d 37, 465 N.E.2d 395 (1984), and *In re Piazza,* 7 Ohio St.2d 102, 218 N.E.2d 459 (1966). Nevertheless, there may be extreme circumstances in child custody cases that would warrant intervention through habeas corpus. For example, in *Marich v. Knox Cty. Dept. of Human Servs./Children Servs. Unit,* 45 Ohio St.3d 163, 543 N.E.2d 776 (1989), the court upheld habeas relief when the state had used undue influence to secure a newborn infant for adoption from a 15-year-old mother.

{¶ 7} In the instant case, the domestic relations court and the respondent judge have the jurisdiction to issue temporary orders allocating parental rights and responsibilities pursuant to R.C. 3109.043. The respondent judge and the domestic relations court further have the jurisdiction to issue domestic violence protection orders, including ex parte orders, under R.C. 3113.31(E). The custody in this case is pursuant to an order of a court having jurisdiction to make the order. Thus, habeas corpus does not lie.

{¶ 8} Father invokes the Americans with Disabilities Act to obtain habeas relief. This reliance is misplaced because appeal affords an adequate remedy at law in which to argue that the Act requires at least visitation with the daughter. In *State v. Raymond C.,* 187 Wis.2d 10, 522 N.W.2d 243 (1994), Raymond C. argued that the County Department of Human Services discriminated against him by failing to reasonably accommodate his developmental disability and, thus, the decision to terminate his parental rights violated the Americans with Disabilities Act. However, he argued this on appeal after the court terminated his parental rights. Similarly, in

*Stone v. Daviess Cty. Div. of Children & Family Servs.,* 656 N.E.2d 824 (1st Dist. Ind.1995); *In Re B.S.,* 166 Vt. 345 (1997), and *In Re M.H.,* 2006 MT 208, 333 Mont. 286, 143 P.3d 103 (2006), the aggrieved parties were able to raise their Americans with Disabilities Act arguments on appeal. Moreover, Father cites no authority in which a court held that the Act deprives or limits a domestic relations court's jurisdiction to issue custody or protection orders. Thus, the Americans with Disabilities Act does not provide a foundation upon which habeas corpus relief may issue.

{¶ 9} In reading Father's pro se petition, it is difficult to discern exactly what relief he seeks and the legal arguments he is making. To the extent that he is arguing that the restraining orders place him in custody, the petition is not well-founded. A writ of habeas corpus is an extraordinary remedy that is appropriate only if the petitioner is entitled to immediate release from prison or some other type of physical confinement. *State ex rel. Smirnoff v. Greene,* 84 Ohio St.3d 165, 702 N.E.2d 423 (1998). A denial of visitation rights or of child custody is not such a physical confinement.

{¶ 10} Finally, this court discerns that this case presents a contentious custody battle. The proper course is for a full hearing before the domestic relations court and then an appeal, if appropriate. *State ex rel. E.S.B. v. B.E.B.,* 8th Dist. Cuyahoga Nos. 95940 and 95941, 2011-Ohio-2797.

{¶ 11} Accordingly, this court grants the respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Petitioner to pay costs. This court

directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 12} Petition dismissed.


_Michelle J. Sheehan_
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR